First Division

December 22, 1997

No. 1-96-2395

MICHAEL JACKSON, a Minor, by his Mother and Next Friend, JEANNE JACKSON, and JEANNE JACKSON, Individually,

Plaintiffs-Appellants,

v.

MICHAEL REESE HOSPITAL AND MEDICAL CENTER, 

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 94 L 14720

Honorable

Patrick McGann,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

This case is on appeal from a motion to dismiss plaintiffs Michael Jackson (a minor) and Jeanne Jackson's (his mother) complaint against defendant Michael Reese Hospital and Medical Center for failure to state a cause of action for negligent spoliation of evidence.  

This appeal presents a question of first impression regarding whether a plaintiff in an action for negligent spoliation of evidence arising from a medical malpractice claim is required to file an affidavit and medical report by the Illinois Code of Civil Procedure.  735 ILCS 5/2-622 (West 1994).

The question was raised by defendant as the basis for its section 2-619 (735 ILCS 5/2-619 (West 1994)) motion to dismiss plaintiffs' cause of action.  Defendant also attacked plaintiffs' complaint for negligent spoliation of evidence on two other grounds:  (1) failure to state a cause of action under the X-Ray Retention Act (210 ILCS 90/0.01 
et seq
. (West 1994)), and (2) failure to sufficiently plead facts that state a cause of action for negligent spoliation of evidence under section 2-615. (735 ILCS 5/2-615 (West 1994)).

We reverse the trial court's order granting the defendant's section 2-619 motion to dismiss for plaintiffs' failure to attach a section 2-622 "certificate of merit" in a cause of action for spoliation of evidence. We affirm the trial court's finding that plaintiffs failed to state a cause of action under the X-Ray Retention Act, and we affirm the trial court's finding that plaintiffs failed to sufficiently plead a cause of action for negligent spoliation under section 2-615 standards.  However, we remand to the trial court to allow plaintiffs to replead the negligent spoliation of evidence claim.

FACTS

Plaintiffs originally filed a medical malpractice action against several defendants on August 14, 1985.  This action alleged negligence based on injuries suffered by the minor plaintiff in the course of treatment for serious medical problems, including the absence of an anus.  Plaintiffs voluntarily dismissed their medical malpractice claim against all defendants and filed an amended complaint on February 21, 1991, alleging negligent spoliation of evidence against defendant Michael Reese Hospital and Medical Center.  The claim alleged that defendant's loss or destruction of certain X rays taken of the child caused plaintiffs to be unable to prove their original medical malpractice claim.  

Plaintiffs' first complaint was dismissed, and the trial court granted leave to file an amended complaint.  Plaintiffs' first amended complaint asserted a claim under the X-Ray Retention Act, which was dismissed by the trial court on October 23, 1995.  In their second amended complaint, plaintiffs alleged a cause of action for spoliation of evidence under 
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 652 N.E.2d 267 (1995).  Plaintiffs also filed an emergency motion to reconsider the dismissal of the first amended complaint.  

In its June 3, 1996, order, the trial court denied plaintiffs' motion to reconsider the dismissal of the first amended complaint, which asserted a claim under the X-Ray Retention Act.  The court granted defendant's section 2-619 motion to dismiss for failure to attach a certificate of merit under section 2-622, and granted defendant's section 2-615 motion to dismiss for failure to state a cause of action for negligent spoliation of evidence.  

I

Plaintiffs first contend that the trial court erred in its order of October 23, 1995, dismissing with prejudice the claim under the X-Ray Retention Act (Act) (210 ILCS 90/1 (West 1994)) against defendant Michael Reese Hospital.  

Plaintiffs argue that Michael Reese Hospital was responsible for the maintenance of certain X rays, which were lost or destroyed in a warehouse flood.  Plaintiffs allege that the loss of these X rays was a violation of the hospital's duty to preserve the X rays under the X-Ray Retention Act.

The X-Ray Retention Act provides in pertinent part:

"Hospitals which produce photographs of human anatomy by the X-ray or

roentgen process on the request of licensed physicians for use by them 

in the diagnosis or treatment of a patient's illness or condition 
shall
 

retain such photographs or films as part of their regularly maintained

 
records for a period of 5 years
."  (Emphasis added.) 210 ILCS 90/1 (West 

1994).  

The Act further provides "if the hospital has been notified in writing by an attorney at law before the expiration of the 5[-]year period that there is a litigation pending in court involving a particular X-ray" then the hospital shall retain the X ray "for a period of 12 years from the date that the X[-]ray photograph film was produced." 210 ILCS 90/1 (West 1994).

The plain language of the X-Ray Retention Act only requires a hospital to maintain X rays for a period of five years.  A duty to retain the records for a longer period of time is only triggered by the receipt of written notice from an attorney before the expiration of the five-year retention period that litigation involving the X ray in question is pending.  
210 ILCS 90/1 (West 1994).

A private cause of action is implicit in the X-Ray Retention Act.  
Rodgers v. St. Mary's Hospital
, 149 Ill. 2d 302, 309, 597 N.E.2d 616 (1992). According to plaintiffs, defendant violated the Act by not preserving certain X rays beyond the five-year statutory period.   Plaintiffs allege that notice, as required by the X-Ray Retention Act, was given to defendant hospital on December 10, 1984, when plaintiffs' attorney requested records which pertained to plaintiff Michael Jackson.  The last missing X ray was taken in June of 1980, and under the Act, the hospital's statutory duty to retain this X ray expired in June of 1985.  The record request made by plaintiffs in December of 1984 did not constitute notice as contemplated in the Act, as there was no litigation pending until August 14, 1985, when the initial lawsuit was filed.

Plaintiffs argue that this interpretation of "notice" circumvents the purpose of the Act by requiring attorneys to file medical malpractice actions before they have had the opportunity to have an expert review all the medical evidence to determine if a valid claim exists.  This argument does not change the fact that the plain language of the statute requires that litigation be pending before a statutory duty to retain the records is imposed.  The plaintiffs' concerns about the statute's effects on the filing of medical malpractice actions are more appropriately addressed by the General Assembly than this court.  We can give no other interpretation to this statute than its plain language requires.

Accordingly, we hold that plaintiffs failed to establish a cause of action under the X-Ray Retention Act, and find that the trial court was correct in denying plaintiffs' motion for reconsideration of the order dismissing this cause of action. 

II

We next turn to whether a plaintiff in a negligent spoliation of evidence claim arising from a medical malpractice action is required to file a certificate of merit with the complaint.  

Defendant based its section 2-619 motion to dismiss on the failure of plaintiffs' spoliation of evidence complaint to include a certificate of merit under section 2-622 of the Code of Civil Procedure. 735 ILCS 5/2-622 (West 1994). Under section 2-622, a plaintiff in a medical malpractice claim is required to file a certificate of merit along with the initial complaint.  The statute requires a certificate of merit "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice."  735 ILCS 5/2-622 (a) (West 1994).  The statute indicates that a plaintiff's attorney is to attach an affidavit stating that he has conferred with a knowledgeable physician before filing the complaint.  Section 2-622 also requires a written report from the physician indicating that upon a review of the records, there is a reasonable and meritorious cause of action. 735 ILCS 5/2-622(a)(1)(West 1994).  

The legislature may properly impose requirements governing matters of procedure and the presentation of legal claims, and section 2-622 merely requires a litigant to submit certification declaring a meritorious basis for a medical malpractice claim.  
DeLuna
 v. St. Elizabeth's Hospital
, 147 Ill. 2d 57, 66, 588 N.E.2d 1139 (1992).  Though the supreme court in the
 
DeLuna
 decision has resolved the issue of the constitutionality of section 2-622, the scope of the statute is still a developing area of law.  We do not interpret the language in the statute to require a certificate of merit for a negligent spoliation of evidence claim arising from a medical malpractice action.  The Supreme Court case of 
Miller v. Gupta
, 174 Ill. 2d 120, 672 N.E.2d 1229 (1996), is instructive here.

The 
Miller
 case involved a cause of action for medical malpractice, not spoliation of evidence as in the present case.  In 
Miller
, the plaintiff was unable to file a section 2-622 certificate of merit in support of her medical malpractice claim as the defendant physician had inadvertently disposed of X rays necessary to prove the claim, and her claim was dismissed on this basis by the trial court. 

      The appellate court reversed, holding that the plaintiff should not be held to the "technical requirements" of section 2-622 as it was impossible for a reviewing physician to make a determination under section 2-622 due to the missing X rays.  
Miller v. Gupta
, 275 Ill. App. 3d 539, 543-544, 656 N.E.2d 461 (1995).  However, the appellate court required the plaintiff to attach a report from a physician in place of the certificate confirming that the missing X rays are necessary to the determination of whether medical malpractice was committed.  
Miller v. Gupta
, 275 Ill. App. 3d at 544.   

Upon review of the case, the supreme court held that the trial court properly dismissed the medical malpractice claim for lack of a certificate under section 2-622.  The supreme court, recognizing the plaintiff's inability to procure a certificate of merit, nevertheless remanded the case to the trial court indicating the appropriate remedy was to pursue a cause of action for spoliation, not medical malpractice.  
Miller v. Gupta
, 275 Ill. App. 3d 539, 656 N.E.2d 461 (1995), 
aff'd in part & rev'd in part
, 174 Ill. 2d 120, 672 N.E.2d 1229 (1996). 

   In granting the defendant's section 2-619 motion to dismiss the second amended complaint, the trial court in this case cited plaintiffs' failure to attach a "certificate of merit" pursuant to section 2-622.  In support of this dismissal, the trial court relied on the following language from the appellate court decision in 
Miller
:  "We do not believe that it is unreasonable to require plaintiff to attach a *** physician's certificate confirming that the missing X rays are necessary to the determination of whether malpractice was committed."  
Miller v. Gupta
, 275 Ill. App. 3d at 544.  The trial court interpreted the appellate court ruling in the 
Miller
 medical malpractice case as requiring an "alternate" certificate for the plaintiffs' cause of action for spoliation of evidence in this case.

The alternate certificate discussed in the appellate court's opinion applied only to the 
Miller
 plaintiff's medical malpractice action.  Whether a plaintiff in a cause of action for spoliation of evidence is required to file a certificate of merit was not addressed by either the appellate or supreme court in the 
Miller
 case.  There is no indication in either the appellate or supreme court opinion that the section 2-622 certificate or some alternate certificate is required in an action for the negligent spoliation of evidence.

Defendant argues that such a certificate of merit should be required for the spoliation of evidence claim.  It asserts that because the damages sought in plaintiffs' spoliation action are the same damages for injuries "by reason of medical, hospital or other healing art malpractice," a certificate of merit should be required for a spoliation claim arising from a medical malpractice action.  

   
   We will not expand the scope of section 2-622 by requiring compliance with statutory certification under section 2-622 in a cause of action for spoliation of evidence.  Section 2-622 was part of the medical malpractice reform legislation enacted by the General Assembly in 1985 in response to what was perceived to be a crisis in the area of medical malpractice.  
DeLuna v. St. Elizabeth's Hospital
, 147 Ill. 2d 57, 66, 588 N.E.2d 1139 (1992).  The provision is designed to reduce the number of frivolous medical malpractice suits that are filed and to eliminate such actions at an early stage, before the expenses of litigation have mounted.  
DeLuna
, 147 Ill. 2d at 66.  We do not interpret the statute as mandating a certificate of merit in a spoliation of evidence claim arising from a medical malpractice action. It is the function of the legislature, not the judiciary, to broaden the scope of this statute to include other types of legal actions. 

 An examination of the supreme court decision in 
Miller v. Gupta
 involving this statute supports our conclusion that section 2-622 compliance should not be required for a cause of action for spoliation of evidence. On June 3, 1996, at the time the trial court granted the order of dismissal, it did not have the benefit of the supreme court's ruling, which was filed on October 24, 1996.  The supreme court in 
Miller
 not only recognized the inability of the plaintiff in her medical malpractice case to provide a section 2-622 certificate of merit, but indicated that the proper remedy for plaintiff was to pursue a cause of action for spoliation of evidence and remanded the case for that purpose. The supreme court in 
Miller
 recognized the viability of a spoliation claim where section 2-622 compliance would be impossible.  The supreme court noted "[i]t is the legislature's, and not this court's, responsibility to create exceptions to the section 2-622 requirements."  
Miller v. Gupta
, 174 Ill. 2d at 128.

The complaint before this court is not a medical malpractice action, but an action for the negligent spoliation of evidence.  It is not within the authority of this court to expand the scope of section 2-622 to include claims for spoliation of evidence, nor is such an expansion supported by the supreme court ruling in the 
Miller
 case. 

     We agree with the trial court that it is not unreasonable to require a plaintiff to attach a physician's certificate confirming that the missing X rays are necessary to the determination of whether malpractice was committed.  Where possible such certification is recommended and may very well help the spoliation complaint survive a section 2-615 attack for failure to plead causation.  However, we do not agree that failure to attach such an "alternate" certificate is cause for dismissal, since no such certification is required either by statute or case law for a cause of action for spoliation of evidence.

     Therefore, we find the trial court erred in its order granting the defendant's section 2-619 motion to dismiss for plaintiffs' failure to attach a certificate of merit pursuant to section 2-622 of the Code of Civil Procedure.  We conclude that this statute does not apply to claims for the spoliation of evidence. 

III

We next turn to the trial court's order granting defendant's section 2-615 motion to dismiss plaintiffs' second amended complaint for failure to state a cause of action for negligent spoliation of evidence.  In reviewing an order on a section 2-615 motion to dismiss, the court shall apply a 
de novo
 standard of review.  
Board of Library Trustees v. Cinco Construction, Inc.
, 276 Ill. App. 3d 417, 658 N.E.2d 473 (1995).  The standard of review for a section 2-615 motion to dismiss is whether the complaint sufficiently states a cause of action, and the merits of the case are not 
considered.  
Saunders v. Michigan Avenue National Bank
, 278 Ill. App. 3d 307, 662 N.E.2d 602 (1996).  

The question presented by a section 2-615 motion to dismiss is whether, taking all well-pleaded facts as true and considering them in the light most favorable to the plaintiff, the plaintiff has alleged sufficient facts which, if proved, would entitle the plaintiff to relief.  
Urbaitis v. Commonwealth Edison
, 143 Ill. 2d 458, 475, 575 N.E.2d 548 (1991).   

Whether a complaint sufficiently stated a cause of action for spoliation of evidence was recently addressed by the supreme court in 
Boyd v. Traveler's Insurance Co.
, 166 Ill. 2d 188, 652 N.E.2d 267 (1995).  In 
Boyd
, the plaintiff was injured when a propane heater exploded at his place of employment.  The plaintiff filed a workers' compensation claim against his employer and his employer's insurance company.  Employees of Traveler's Insurance took possession of the heater to test it, lost it, and admitted never testing the heater.

The plaintiff filed suit against the manufacturer of the heater and later joined Traveler's as a defendant, claiming that Traveler's loss of the heater prejudiced the products liability action against the manufacturer.  After dismissing the spoliation of evidence claim as premature, the trial court certified the question of whether a spoliation action can be brought at the same time as the underlying action.

The Illinois Supreme Court in 
Boyd
 refused to recognize an independent tort of spoliation, but held that an action for negligent spoliation of evidence can be established under existing negligence theories.  
Boyd
, 166 Ill. 2d at 192-93.  The supreme court went on to discuss how to plead a cause of action for spoliation of evidence.

To state a cause of action for the negligent spoliation of evidence, a plaintiff must plead the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages.  
Boyd
, 166 Ill. 2d at 194-95.  In reviewing the section 2-615 dismissal in the present case, we must address whether the complaint properly pled each of these elements. 

(1)  Duty

To determine if a defendant owes a duty to a plaintiff, we must decide whether their relationship was such that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff.  This is a question of law for the determination of the court.  W. Prosser, Torts, §37, at 206 (4th ed. 1971).  See also see Restatement (Second) of Torts §328B, Comment 
b
 (1964).  

The 
Boyd
 court reiterated the general rule that there is no common law duty to preserve evidence, but it noted that such a duty may arise through an agreement, a contract, a statute or other special circumstances, or a defendant may voluntarily assume such a duty by affirmative conduct.  
Boyd
, 166 Ill. 2d at 195.  In any of the foregoing instances, a defendant owes a duty of care to preserve evidence "if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action."  
Boyd
, 166 Ill. 2d at 195.

 The 
Boyd
 decision delineated for the first time circumstances that give rise to a duty to preserve evidence, and on appeal, we must determine whether plaintiffs in this case sufficiently alleged facts that 
give rise to this duty under 
Boyd
.  While a defendant may assume a duty by affirmative conduct, the pleadings must allege facts describing that conduct.  
Nelson v. Union Wire Rope Cor
p
., 31 Ill. 2d 69, 74, 199 N.E.2d 769 (1964).  A complaint may not rest on conclusions not supported by specific facts.  
J. Eck & Sons, Inc. v. Reuben H. Donnelley Corp.
, 213 Ill. App. 3d 510, 572 N.E.2d 1090 (1991). 

In the present case, an examination of the pleadings indicates plaintiffs failed to plead specific facts that establish the existence of a duty to preserve the evidence in question.

Plaintiffs allege that 
defendant hospital voluntarily assumed a duty to maintain 
Michael Jackson's X rays by affirmative conduct based on: (1) defendant's retention of the X rays along with other medical records beyond the statutory period delineated in the X-Ray Retention Act, (2) defendant's ongoing treatment of plaintiff, and (3) defendant's agreement to follow the Accreditation Manual for Hospitals promulgated by the Joint Commission for the Accreditation of Hospitals regarding medical records.  

A review of the complaint, however, indicates that the pleadings lack facts as to the nature of the alleged voluntary undertaking.  The complaint fails to sufficiently describe what affirmative conduct was voluntarily undertaken by the hospital regarding the retention, preservation and maintenance of the X rays. The complaint fails to allege fact specific conduct by which the defendant hospital voluntarily assumed a duty to maintain Michael Jackson's X rays.

In the record, there is evidence that indicates that, under the specific facts of this case, the hospital may have voluntarily assumed a duty to maintain the X rays beyond the statutory period.  While the complaint generally alleges that the defendant hospital was under a duty to segregate these X rays and keep them in a safe environment, the complaint fails to describe what conduct was voluntarily undertaken by the hospital regarding the safekeeping of the X rays.   For example, there is evidence that the defendant hospital had notice of litigation and took affirmative conduct by segregating the X rays into a special litigation file but failed to safely segregate at a time when the defendant hospital knew the X rays would be needed for litigation.  These facts may support a voluntary assumption of duty to retain the X rays.  Under these facts, it could be argued that a reasonable person in defendant's position should have foreseen that the X rays would be evidence material to future litigation.  However, these facts are not pled in the complaint.

In the 
Boyd
 case, the plaintiff alleged he suffered personal injuries at his workplace due to a malfunctioning heater, which was subsequently lost by the defendant.  In his complaint, the plaintiff alleged that employees from the defendant insurance company indicated that they needed possession of the heater to investigate 
Boyd
's workers' compensation claim, clearly aware that the heater would be evidence material to future litigation.  
Boyd
, 166 Ill. 2d at 191-192.  In the instant case, the segregation of the X rays into a special litigation file is analogous.  Under facts contained in the record but not pled, it could be alleged that defendant, knowing the X rays were material to  future litigation, chose to treat the X rays in a specific manner because of the pending litigation.  By such conduct defendant may have voluntarily assumed a duty to preserve the X rays and breached its duty by losing them, not unlike the employees who lost the heater in the 
Boyd
 case. 

A further review of the pleadings indicates a failure to allege that on December 10, 1984, while plaintiff Michael Jackson was still being treated at Michael Reese Hospital, plaintiffs' attorneys made a request through Record Copy Services for all of Michael's medical records from January 26, 1980, through December 10, 1984.  The pleadings further fail to allege what, if any, affirmative conduct the defendant hospital voluntarily undertook in response to this record request.  Specifically, the pleadings omit such pertinent information as what affirmative conduct the hospital voluntarily undertook regarding the retention, preservation and maintenance of the X rays from December 10, 1984, until August 14, 1985, when the lawsuit was filed, and how this conduct changed once the hospital was served with notice of the lawsuit on October 18, 1985. Additionally missing from the complaint are facts that describe the actual course of voluntary conduct chosen by the hospital after November of 1985 when Anthony Boyle, manager of the radiological records department at the defendant hospital, received notice of the request to locate and produce the X rays.

In the second amended complaint, plaintiffs assert other grounds in support of the existence of a duty of ordinary care to maintain the X rays.  Plaintiffs allege that the ongoing treatment of the minor plaintiff created a duty to retain his medical records, which again is not pled in any fact specific manner and fails to meet the basic requirements under section 2-615.   While the pleadings contain the general statement that Michael was subject to a continuing course of treatment from January of 1980 through November of 1980 in an effort to provide him with a functioning bowel, no mention is made of his further treatment for the same condition in 1982 and 1984.  The record, not the pleadings, indicates that on November 11, 1980, Michael had out-patient surgery at Michael Reese for dilation of the anus.  The record also indicates that in December of 1982 and February of 1984, Michael returned to Michael Reese for further surgery. None of these facts are alleged in the complaint.  More importantly, no factual connection is alleged between the continuing course of treatment and the X rays.

The complaint also alleges a duty to keep the X rays in a fireproof and flood-proof environment arising from defendant's agreement to follow the Accreditation Manual for Hospitals promulgated by the Joint Commission for the Accreditation of Hospitals.  However, plaintiffs fail to specifically plead what the manual recommends regarding standards related to the retention, preservation and maintenance of X rays.

All well-pled facts and reasonable inferences that could be drawn from those facts are accepted as true (
Talbert v. Home Savings Bank of America
, 265 Ill. App. 3d 376, 638 N.E.2d 354 (1994)), but conclusions of law or conclusions of fact unsupported by allegations of specific facts will not meet the minimal pleading requirements under section 2-615.  
Groenings v. City of St. Charles
, 215 Ill. App. 3d 295, 574 N.E.2d 1316 (1991).

As outlined above, numerous facts relevant to the duty to preserve the X rays are not included in the complaint.  Accordingly, we hold that plaintiffs failed to properly plead the element of duty necessary to state a cause of action for negligence.  

(2) Breach of Duty

With regard to the breach of duty element, we find that plaintiff sufficiently pled the loss or destruction of the missing X rays, which is a breach of the duty the plaintiff unsuccessfully attempted to plead.  Plaintiffs' allegation that defendant failed to guard the x-rays against flood or fire, viewed in the light most favorable to plaintiffs, is sufficient for purposes of a section 2-615 analysis regarding breach of duty.

(3) Proximate Cause

The complaint is further deficient with regard to the issue of proximate cause. A plaintiff must allege that an injury proximately resulted from a breach of a duty when pleading causation. 
Moudy v. New York, Chicago & St
. 
Louis R.R. Co.
, 385  Ill. 446, 453-54, 53 N. E. 2d 406 (1944).  The supreme court in 
Boyd
 clarified the standard for pleading proximate cause in a negligent spoliation case:

"Therefore, in a negligence action involving the loss or destruction of evidence, a plaintiff must allege sufficient facts to support a claim that the loss or destruction of the evidence caused the plaintiff to be unable to prove an underlying lawsuit."  
Boyd
, 166 Ill. 2d at 196.

The court further stated that a plaintiff need not show that, but for the loss or destruction of evidence, the plaintiff would have prevailed in the underlying action.  The court said that this was too difficult a burden, as it may be impossible to know what the missing evidence would have shown.  The court added:

 "A plaintiff must demonstrate, however, that but for the defendant's loss or destruction of the evidence, the plaintiff had a reasonable probability of succeeding in the underlying suit." 
Boyd
, 166 Ill. 2d at 196 n. 2.

In pleading causation, plaintiffs allege that the missing X rays forced plaintiffs to nonsuit the medical malpractice action, as they were unable to obtain an expert opinion regarding negligence on the part of the physicians who treated the child.  This does not meet the pleading requirements for proximate cause as set out in 
Boyd
.  

In arriving at a standard for pleading causation in cases alleging  spoliation of evidence the supreme court, in 
Boyd
, recognized the difference between factually alleging that the spoliation caused plaintiff to be unable to prove the underlying lawsuit and the more difficult burden of factually alleging that but for the spoliation the plaintiff would have prevailed in the underlying lawsuit.  
Boyd
, 166 Ill. 2d at 196.  Under the 
Boyd
 standard, a plaintiff must show that but for the spoliation there was a reasonable probability of succeeding in the underlying lawsuit.  
Boyd
, 166 Ill. 2d at 196 n.2.    

Though the trial court judge in the instant case found plaintiffs' second amended complaint factually deficient because it failed to allege "what these missing films would have shown," the 
Boyd
 case indicated that t
his is too difficult a burden for a plaintiff in a spoliation case, as it may be impossible to know exactly what the missing evidence would have shown.  
Boyd
, 166 Ill. 2d at 196 n.2.  Thus the trial court in this case imposed too stringent a causation burden on plaintiffs when it found the complaint deficient for its failure to allege what the missing X rays would have shown.

We understand that, because plaintiffs do not have access to the missing X rays, they cannot specifically state exactly what these X rays would have shown.  Also, plaintiffs need not factually plead that but for the loss or destruction of the X rays they would have prevailed in the underlying medical malpractice action.  However, the trial court was correct in finding the complaint deficient for failing to show how the missing X rays would have impacted on plaintiffs' ability to prove the underlying lawsuit for medical malpractice.

Applying the 
Boyd
 causation standard, the complaint must allege sufficient facts to support a claim that the spoliation of evidence caused the plaintiff to be unable to prove the underlying medical malpractice lawsuit and that, but for the defendant's spoliation, the plaintiff had a reasonable probability of succeeding in the underlying medical malpractice suit.  
Boyd
, 166 Ill. 2d at 196, 196 n.2.

From the record, we know that plaintiffs allege that at least one of the missing X rays would have shown the preoperative condition of Michael Jackson, and thus the X ray was necessary to prove that contraindicated surgery was performed.  But again, facts as to why the loss of the X rays caused the plaintiffs to be unable to prove the underlying medical malpractice lawsuit are not contained in the plaintiffs' complaint. 

     There is evidence in the record that Dr. Basuk acknowledged that he had made a "mistake" and incorrectly performed a pull-through surgery on September 9, 1980, on the minor plaintiff, Michael Jackson, and the surgery would have to be repeated.  Admissions of negligence by the treating physician are not pled in the complaint.  Such admissions pled with other facts regarding the significance of the X rays could provide the factual basis to meet the 
Boyd
 standard for pleading causation and show that plaintiffs had a reasonable probability of succeeding in the underlying medical malpractice suit but for the spoliation of the X rays. The complaint further fails to allege that the accuracy of Dr.
 Basuk's observations and an assessment of his judgment and skill could not be determined absent review of the missing X rays. These are additional facts not alleged, but further evidence that the spoliation caused plaintiffs to be unable to prove the underlying lawsuit for medical malpractice.

In 
Miller v. Gupta
, 275 Ill. App. 3d 539, 656 N.E. 2d 461 (1995), the supreme court permitted the plaintiff to amend her medical malpractice claim to state a cause of action for negligent spoliation of evidence.  In support of this claim, the plaintiff pled that her medical problems may have resulted from the malpractice of defendant Dr. Gupta.  The plaintiff further alleged she contacted a second doctor, Dr. Hess, who indicated that a review of the missing X rays was crucial to a determination of whether malpractice was committed.  In the 
Miller
 pleadings, the opinion of 
Dr. Hess provided the factual pleading basis to support a claim that the loss or destruction of the evidence had caused or could cause the plaintiff to be unable to prove the underlying medical malpractice suit.  

Similar pleading in the present case would substantiate the causation element of plaintiffs' negligence claim. Plaintiffs generally pled that if they had access to the missing X rays, they could have obtained an expert opinion with respect to whether malpractice was committed.  However, this is not pled with enough specificity to meet the section 2-615 pleading hurdle for the element of causation. 

In addition, plaintiffs do not include any allegations regarding their inability to obtain a certificate of merit under section 2-622 of the Code of Civil Procedure. The simple fact remains that, without the X rays, plaintiffs cannot file a certificate of merit and will not be able to plead or prove the medical malpractice claim in a court of law.

    The causation element in a spoliation case cannot be satisfied by proof that a plaintiff's underlying medical malpractice claim was dismissed for failure to file a certificate of merit. As recognized by Justice Bilandic in his specially concurring opinion in the 
Miller
 case:

"[P]roof that a plaintiff's underlying medical malpractice claim was 

dismissed for failure to file a certificate of merit, standing alone, is 

simply not sufficient to fulfill the causation element of a negligent 

spoliation claim.  This is because the issue of whether the defendant's 

loss or destruction of the evidence actually caused the plaintiff to be 

unable to prove the underlying malpractice suit remains to be determined 

on its merits." 
Miller
, 174 Ill. 2d at 133 (Bilandic, J., specially 

concurring).

      The inability to file a certificate of merit is, however, certainly a factor to be considered in deciding whether causation is properly pled in compliance with section 2-615 standards.  Plaintiffs failed to specifically plead the inability to file a section 2-622 certificate of merit in the complaint to substantiate the causation element.  

Accordingly, we find the complaint fails to provide the factual pleading basis to support a claim that the loss or destruction of the evidence has caused plaintiffs to be unable to prove the original medical malpractice suit and that but for the spoliation, the plaintiff had a reasonable probability of succeeding in the malpractice suit.

(4) Damages

According to 
Boyd
, actual damages must be alleged in an action for the negligent spoliation of evidence. A threat of future harm, not yet realized, is not actionable.  
Boyd
, 166 Ill. 2d at 197.  Under a section 2-615 analysis, plaintiffs have not properly pled actual damages in the present case.

Plaintiffs' complaint states that crucial evidence necessary to the successful prosecution of the medical malpractice lawsuit was lost or destroyed, forcing plaintiffs to nonsuit the lawsuit.  The complaint further alleges the plaintiffs were forced to incur additional expenses and lose a jury award in excess of $1 million.  However, plaintiffs' complaint lacks specific allegations as to the nature of the damages suffered by plaintiffs.    In the 
Boyd
 case, which involved a products liability action, the court held that the plaintiff had sufficiently pled the element of damages.  In his complaint, plaintiff Boyd set forth the facts that gave rise to the products liability action and asserted that he suffered serious personal injuries when the product, a defective heater, exploded.  He further alleged that defendant's loss of the heater deprived the plaintiff of the key piece of evidence in his products liability lawsuit, the product itself.  The plaintiff claimed that as a result, no expert could testify whether the heater was defective or dangerously designed.  It is clear in the 
Boyd
 case that the product at issue, the exploding heater, was necessary to prove the products liability case.  Thus the 
Boyd
 plaintiff sufficiently alleged a nexus between defendants' loss of the evidence and his ability to prove the underlying suit.  
Boyd
, 166 Ill. 2d at 198.

Such a relationship is not established in the present case.  In medical malpractice cases, the plaintiff has the burden of proving (1) the proper standard of care against which the physician's conduct is to be measured, (2) the unskilled or negligent failure to comply with that standard, and (3) the resulting injury proximately caused by the lack of skill or care.  
Clingan v. Rakalla
, 252 Ill. App. 3d 786, 624 N.E.2d 1 (1993).  According to allegations in the record, plaintiffs were damaged as the loss of X rays significantly prejudiced plaintiffs' ability to prove their medical malpractice case at trial.  However, the pleadings do not allege how the loss or destruction of the X rays caused plaintiffs to be unable to prove each element of their cause of action, resulting in actual damages.  Rather, the pleadings simply contain vague allegations that the missing X rays caused plaintiffs to be unable to establish a deviation from the standard of care and thus they were forced to nonsuit the claim. Missing is the nexus between the  X rays and plaintiffs' ability to prove the underlying suit for medical malpractice as required when pleading damages in a spoliation of evidence claim under 
Boyd
, 166 Ill. 2d at 198.

As the complaint did not specifically allege how plaintiffs were damaged by the loss or destruction of the X rays in question, we find the element of damages was not sufficiently pled under section 2-615.  

IV

In the present case, plaintiffs have clearly not met the section 2-615 pleading hurdle.  The complaint does not properly plead a cause of action in negligence, specifically with regard to the elements of duty, proximate cause and damages.

A complaint should be dismissed for failure to state a cause of action with no opportunity to replead only if it is clearly apparent that no set of facts can be proven that would entitle plaintiff to recovery.  
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 639 N.E.2d 1282 (1994).  Unlike the trial court, we believe that based on the unique facts of this case, a complaint could be drafted that would state a cause of action for negligent spoliation of evidence and would survive a section 2-615 challenge.

As outlined above, such a complaint must clearly delineate the facts necessary to support the conclusion that the defendant hospital voluntarily assumed a duty to preserve the X rays under 
Boyd
.  The record request, the segregation of the X rays in question after the lawsuit was filed, the ongoing treatment of the minor plaintiff, and other evidence in the record provides a factual basis for pleading the element of duty.  

With regard to proximate cause, the complaint must allege sufficient facts to support a claim that the loss of these X rays caused plaintiffs to be unable to prove the underlying medical malpractice lawsuit and that but for the spoliation the plaintiff had a reasonable probability of succeeding in the underlying suit.  Evidence regarding the significance of the X rays, including expert opinion that a review of the missing X rays would be crucial in proving medical malpractice, could provide the factual basis for pleading proximate cause.

The pleading of damages must be specific, alleging how the missing X rays caused plaintiffs to be unable to prove each element of the plaintiffs' underlying cause of action for medical malpractice.

Accordingly, we affirm the trial court's finding that plaintiffs failed to state a cause of action under the X-Ray Retention Act, we reverse the trial court's order granting the defendant's section 2-619 motion to dismiss for plaintiffs' failure to attach a section 2-622 certificate of merit in a cause of action for spoliation of evidence, and we affirm the trial court's finding that plaintiffs failed to sufficiently plead a cause of action for negligent spoliation under section 2-615 standards.  However, we remand to the trial court to allow plaintiffs to replead the negligent spoliation of evidence claim and for further action consistent with this opinion. 

Affirmed in part and reversed in part; cause remanded with directions.

MCNULTY, P.J., and RAKOWSKI, J., concur.