NICHOLAS AYON, a Minor, by Nicolas Ayon and Leticia Ayon Dearmas, his Father and Mother and Next Friends, Plaintiffs-Appellants, v. ROBERT BALANOFF, Defendant-Appellee.

First District (4th Division)    No. 1—99—0563

Opinion filed November 18, 1999.

Donald L. Johnson, of Chicago, for appellants.

Robert J. Pavich and Melanie K. Fairman, both of Monico Pavich & Spevack, of Chicago, for appellee.

JUSTICE SOUTH delivered the opinion of the court:

This case is an appeal from an order granting defendant's motion to dismiss the plaintiffs' complaint for failure to state a claim for legal malpractice. Plaintiffs contend that the trial court erred in dismissing their legal malpractice complaint because they failed to comply with section 2—622 of the Code of Civil Procedure (735 ILCS 5/2—622 (West 1994)). Plaintiffs argue that compliance with section 2—622 is not required in a legal malpractice action, even if it is based upon a medical malpractice claim.

The issue we are being asked to address is whether section 2—622 applies to legal malpractice cases based upon medical malpractice claims. This question has never been directly addressed by the courts.

■ Section 2—622 of the Code of Civil Procedure states in pertinent part:

"(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney *** shall file an affidavit, attached to the original and all copies of the complaint, declaring ***:

1. That the affiant has consulted and reviewed the facts of the case with a health professional ***; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. *** A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit ***.

* * *

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." 735 ILCS 5/2—622 (West 1994).

■ The legislature may properly impose requirements governing matters of procedure and the presentation of legal claims, and section 2—622 merely requires a litigant to submit certification declaring a meritorious basis for a medical malpractice claim. *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 66-67, 588 N.E.2d 1139 (1992). Whether a medical malpractice action should be dismissed "with prejudice" by reason of the plaintiff's failure to comply with the affidavit and report requirements of section 2—622 is a matter committed to the sound discretion of the trial court. *McCastle v. Sheinkop*, 121 Ill.

2d 188, 192-94, 520 N.E.2d 293 (1987). In reviewing such a dismissal, we apply an abuse of discretion standard. *Mueller v. North Suburban Clinic, Ltd.*, 299 Ill. App. 3d 568, 572, 701 N.E.2d 246 (1998). However, in the instant case, the threshold question is whether the plaintiffs are required to comply with the provisions of section 2—622, which is a matter of statutory construction. Statutory construction is a question of law, and, therefore, our review is *de novo. Lucas v. Lakin*, 175 Ill. 2d 166, 171, 676 N.E.2d 637 (1997).

■ The statute requiring a medical malpractice plaintiff's attorney to file an affidavit stating that he or she has consulted with a qualified health professional is designed to reduce the number of frivolous lawsuits that are filed and to eliminate such actions at an early stage. *Cuthbertson v. Axelrod*, 282 Ill. App. 3d 1027, 669 N.E.2d 601 (1996).

Plaintiffs rely upon *Jackson v. Michael Reese Hospital & Medical Center*, 294 Ill. App. 3d 1, 689 N.E.2d 205 (1997), in support of their position that a certificate of merit is not required for a legal malpractice claim arising from a medical malpractice action. In that case, the plaintiffs originally filed a medical malpractice action but later voluntarily dismissed it against all defendants. An amended complaint was filed later alleging negligent spoliation of evidence against Michael Reese Hospital, based upon its loss or destruction of certain X rays taken of plaintiff's child which caused plaintiffs to be unable to prove their original medical malpractice claim. The first complaint was dismissed, and the trial court granted leave to file an amended complaint, which asserted a claim under the X-Ray Retention Act (210 ILCS 90/0.01 *et seq.* (West 1994)). That complaint was later dismissed. In the second amended complaint, plaintiffs alleged a cause of action for spoliation of evidence. Defendant filed a motion to dismiss for failure to attach a certificate of merit under section 2—622, which the court granted.

The appellate court concluded that the statute in question does not apply to claims for the spoliation of evidence. It stated:
> "We will not expand the scope of section 2—622 by requiring compliance with statutory certification under section 2—622 in a cause of action for spoliation of evidence. *** We do not interpret the statute as mandating a certificate of merit in a spoliation of evidence claim arising from a medical malpractice action. It is the function of the legislature, not the judiciary, to broaden the scope of this statute to include other types of legal actions." *Jackson*, 294 Ill. App. 3d at 8.

In the instant case, it is undisputed that the complaint is one sounding in legal malpractice, although it is based upon a medical malpractice action. It is that distinction upon which defendant bases his argument that section 2—622 applies. While defendant acknowl-

edges that section 2—622 applies only to healing art malpractice actions, he takes the position that it is also applicable to legal malpractice actions arising out of a medical malpractice action because the purpose of the statute is to weed out frivolous medical malpractice claims before the expenses of litigation have mounted. Defendant's argument is that to require an affidavit in this instance would serve and further the purposes of section 2—622.

■ The cardinal rule of statutory construction is to ascertain the intent of the legislature. *Stewart v. Industrial Comm'n*, 115 Ill. 2d 337, 504 N.E.2d 84 (1987). Courts should look first to the language of the statute itself as the best indication of the intent of the drafters. *County of Du Page v. Graham, Anderson, Probst & White, Inc.*, 109 Ill. 2d 143, 485 N.E.2d 1076 (1985). The words of the statute are to be given their ordinary and popularly understood meaning. *Kozak v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 95 Ill. 2d 211, 447 N.E.2d 394 (1983). When the language chosen by the legislature is clear and unambiguous, the statute must be enforced as enacted and the court will not resort to outside sources to construe its meaning. *County of Du Page*, 109 Ill. 2d at 151.

■ We find no ambiguity in section 2—622. By its express terms, the statute applies to "any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." 735 ILCS 5/2—622(a) (West 1998). Although plaintiffs in legal malpractice actions predicated upon the loss of an underlying medical malpractice claim are required to prove the merits of the underlying claim (*Nika v. Danz*, 199 Ill. App. 3d 296, 308, 556 N.E.2d 873 (1990)), the damages sought arise by reason of the attorney's negligence, not by reason of any "medical, hospital or other healing art malpractice." See *Jackson*, 294 Ill. App. 3d 1, 689 N.E.2d 205; *Cammon v. West Suburban Hospital Medical Center*, 301 Ill. App. 3d 939, 704 N.E.2d 731 (1998). Consequently, section 2—622 does not apply to legal malpractice actions.

Based upon the foregoing analysis, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

HOFFMAN, P.J., and HOURIHANE, J., concur.