FRANCIS DENIS, Plaintiff-Appellant and Cross-Appellee, v. P AND L CAMPBELL, INC., Defendant-Appellee and Cross-Appellant.

Fifth District    No. 5—03—0341

Opinion filed May 6, 2004.

Thomas F. Crosby and Rick W. Aeilts, both of Winters, Brewster, Crosby & Schafer, of Marion, for appellant.

James E. Hopkins, of Machicao & Associates, of Marion, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

Francis Denis (Denis) appeals from the trial court's March 25, 2003, judgment following a bench trial in which the trial court concluded that the conduct that led to his employment termination amounted to insubordination and was, therefore, not subject to the termination process mentioned in the employee handbook. P&L Campbell, Inc. (Campbell), cross-appeals from the trial court's earlier denial of its motion to dismiss, in which the trial court concluded that the employee handbook amounted to an employment contract.

An at-will employee can essentially be terminated without reference to a specific termination process. Some employee handbooks, if sufficiently clear on a termination procedure, can convert an at-will employment situation into a contractual employment situation. Once an employee is deemed a contractual employee, then for situations covered in the handbook, any termination must occur at the conclusion of the process set forth in the handbook.

At issue in this case is whether the employee handbook amounted to a contract of employment or whether Denis was an at-will employee. If we determine that the handbook constituted a contract, then we must determine if Denis's behavior fell outside the coverage of the employee handbook, so that an automatic termination was appropriate.

Campbell owned and operated a Harley-Davidson shop in Marion, Illinois. Denis had been employed by Campbell for more than 14 years. As of May 1998, Denis was the service manager and also served as an unpaid officer of the Harley Owners Group, a nonprofit corporation sponsored by Campbell. Upset over Campbell's handling of another employee, Denis resigned his position as an unpaid officer of the nonprofit corporation. In doing so, he allegedly had a confrontation on May 11, 1998, with Linda Campbell, during which he told her to stick certain books "up her ass." As a result of this conduct, Denis's employment was terminated.

Prior to Denis's termination, Campbell had drafted and implemented an employee handbook. The handbook had general provisions, as well as pages dedicated to each named employee, detailing each employee's job duties. One of Denis's job duties was to "[b]e polite and courteous to customers and co[ ]workers." The same requirement was also listed in the general section. Another general provision stated:

"Failure to follow any of the guidelines set forth in the Employee Handbook or the Job Descriptions will result in disciplinary action which is:
1. Verbal warning
2. Written warning
3. Grounds for dismissal[.]"

Denis filed suit against Campbell for lost income, lost benefits, and damages, alleging that his termination by Campbell was improper and violated the employee handbook provisions for disciplinary action. As the case proceeded toward a trial, each side filed a motion for a summary judgment. In an order dated April 19, 2000, and file-stamped April 24, 2000, Judge Palmer denied both motions, stating that because the disciplinary language of the employee handbook was subject to more than one interpretation, the interpretation should be left to the jury. The parties and the judge who heard the trial, Judge Eckiss, all contend that Judge Palmer had entered an order concluding that the employee handbook created a contract between the employer and the employee. From later orders and comments made by Judge Eckiss just before and during the trial, we believe that the order denying the summary judgment motions is the order claimed to be the one in which Judge Palmer ruled that the employee handbook was a contract. In this order, Judge Palmer does not make an explicit finding that the employee handbook was a contract between the employer and the employee. However, Judge Palmer does consider whether language contained within the employee handbook was ambiguous. Because Judge Palmer could not have considered extrinsic evidence absent a contract, it appears that, without a specific ruling, Judge Palmer implicitly found that the employee handbook created a contract. In ruling on motions *in limine* on March 19, 2002, Judge Eckiss indicated: "[A]ccording to Judge Palmer's ruling there is a contract. The jury issue[ ] is[,] [W]hat is the intent of the parties as to discipline[?]" Later, during the trial, Judge Eckiss noted, "[T]here is no question that this was a binding, enforceable agreement based on Judge Palmer's ruling."

Thereafter, on May 15, 2002, Campbell filed a motion to dismiss Denis's first amended complaint, alleging again that the employee handbook did not constitute a contract. On July 1, 2002, Judge Eckiss denied the motion.

The case was tried without a jury before Judge Eckiss. Following the trial, he entered a judgment on March 25, 2003, in which he stated, "The employee handbook *** is an enforceable contract." He further indicated that the contract contained a three-step disciplinary process but that the handbook did not cover all the matters that could arise

between an employer and his employee. Therefore, if the handbook covered a specific matter and discipline was warranted, then the employer would be obligated to follow the three-step process. The order went on to state that the issue to be determined was whether Denis's actions were covered by the handbook, which would necessitate the three-step disciplinary process. Judge Eckiss concluded that the alleged behaviors were not covered by the employee handbook. He then went on to determine that based upon the witnesses and testimony he heard, he believed that Denis did tell his employer to shove books "up her ass" and that such a statement constituted insubordination not covered by the employee handbook. Judge Eckiss explained that this level of insubordination went beyond the required behavior of being "polite and courteous to customers and co[ ]workers." Because the behavior fell outside the employee handbook, Judge Eckiss concluded that Campbell had properly fired Denis, and the court entered a judgment in Campbell's favor.

The trial court denied Denis's posttrial motion on May 1, 2003. Denis appeals. Campbell cross-appeals.

In its cross-appeal, Campbell asks us to determine that the employee handbook did not constitute a contract and that Judge Palmer's and Judge Eckiss's rulings to the contrary were erroneous. In his appeal, Denis asks us to find that the trial court erred in determining that Denis's behavior was outside the employee handbook, and he asks us to conclude that the trial court should have determined that such a theory constituted an affirmative defense which had been waived by Campbell.

■ We first address the issue raised in the cross-appeal. We lack jurisdiction to consider an appeal from a denial of a motion to dismiss in this particular setting. The denial of the motion to dismiss was an interlocutory order. Supreme Court Rule 306 (166 Ill. 2d R. 306) only provides a couple of categories of orders denying a motion to dismiss from which a party can seek interlocutory relief in the appellate court. Appropriate situations for appeal involve *forum non conveniens* motions (166 Ill. 2d R. 306(a)(2)) and motions relative to the jurisdiction of the courts (166 Ill. 2d R. 306(a)(3)). Additionally, because Campbell received a judgment on the merits of the case, Campbell cannot appeal an earlier denial of a motion to dismiss. *Davis v. International Harvester Co.*, 167 Ill. App. 3d 814, 818-19, 521 N.E.2d 1282, 1285 (1988).

Accordingly, Campbell's cross-appeal must be stricken.

While a cross-appeal was not appropriate, Campbell maintained the right to advance its position in support of the trial court's judgment, including a position previously advanced and rejected in a mo-

tion to dismiss. *People ex rel. Barrett v. Bradford*, 372 Ill. 63, 65-66, 22 N.E.2d 691, 693 (1939); *Pate v. City of Sesser*, 75 Ill. App. 3d 233, 240, 393 N.E.2d 1146, 1152 (1979). Therefore, we address this argument.

Campbell seems to contend that the ruling on the issue of whether or not the employee handbook was a contract had been made by Judge Eckiss in denying its motion to dismiss under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)). While it is clear that Judge Eckiss made this ruling by denying the motion and further as a finding contained within his judgment order following the trial, it is also clear that he did so on the basis of Judge Palmer's prior order to that effect. Judge Eckiss never issued an order specific in his reasoning on this issue, whereas Judge Eckiss did issue detailed orders with respect to the remaining issues in the case.

■ In determining the appropriateness of a summary judgment, the trial court strictly construes all the evidence in the record against the movant and liberally in favor of the opponent. *Purtill v. Hess*, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986). The court must consider all pleadings, depositions, admissions, and affidavits on file to decide if there is any issue of material fact. *Myers v. Health Specialists, S.C.*, 225 Ill. App. 3d 68, 72, 587 N.E.2d 494, 497 (1992). When the trial court is presented with a motion to dismiss a case for the failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure, the court must determine whether the complaint sets forth sufficient facts that, if established, could entitle the plaintiff to relief. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86, 672 N.E.2d 1207, 1214 (1996). The trial court must accept all well-pleaded facts in the complaint as true and draw reasonable inferences from those facts that are favorable to the plaintiff. *Bryson*, 174 Ill. 2d at 86, 672 N.E.2d at 1213. On an appeal of an order ruling on a summary judgment motion or a section 2—615 motion, courts review the matters on a *de novo* basis. *Myers*, 225 Ill. App. 3d at 72, 587 N.E.2d at 497; *Jackson v. Michael Reese Hospital & Medical Center*, 294 Ill. App. 3d 1, 9, 689 N.E.2d 205, 211 (1997).

Judge Palmer's implied determination that the employee handbook constituted a contract was premised upon the case of *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 505 N.E.2d 314 (1987). Accordingly, we turn to this case.

■ In *Duldulao v. Saint Mary of Nazareth Hospital Center*, a former hospital employee filed a lawsuit against the hospital for wrongful termination, citing the employee handbook. *Duldulao*, 115 Ill. 2d at 484, 505 N.E.2d at 315. At issue was whether the employee handbook created contractual terms binding the hospital to a particular procedure for terminating the plaintiff's employment.

Without addressing the precise terms of the Saint Mary of Nazareth Hospital Center handbook relative to termination, we note that the terms are extremely specific, with variations for probationary and permanent employees.

The general employment relationship rule is that the relationship, assuming no fixed duration, is terminable at will by either party. *Duldulao*, 115 Ill. 2d at 489, 505 N.E.2d at 317-18. The Illinois Supreme Court, after reviewing cases on the topic nationwide, adopted the majority rule that this general rule is merely a presumption which can be overcome by a demonstration that the parties had contracted to the contrary. *Duldulao*, 115 Ill. 2d at 489, 505 N.E.2d at 318. Adopting an approach taken by a Minnesota court, the supreme court held that an employee handbook or other statement creates enforceable contractual rights if the following traditional contractual elements are present:

> 1. The language of the employee handbook contains a promise "clear enough that an employee would reasonably believe that an offer has been made."
>
> 2. The statement must be distributed to the employee in a way "that the employee is aware of its contents and reasonably believes it to be an offer."
>
> 3. The employee must accept the offer by either "commencing or continuing to work after learning of the policy statement." *Duldulao*, 115 Ill. 2d at 490, 505 N.E.2d at 318.

Based upon these requirements, the court concluded that the Saint Mary of Nazareth Hospital Center employee handbook constituted a contract with its employees and that the plaintiff could expect to be disciplined according to the terms of the handbook. *Duldulao*, 115 Ill. 2d at 490-91, 505 N.E.2d at 318. Important to the court's analysis of the issue was the fact that the employee handbook contained no disclaimers to negate the promises made. *Duldulao*, 115 Ill. 2d at 491, 505 N.E.2d at 319. By this, it seems clear that the court meant that the handbook contained no disclaimers that the handbook was not to be construed as a contract.

The employee handbook in question contained no disclaimers. At issue is the disciplinary paragraph. The handbook was disseminated to employees, and Denis did continue work after receiving the handbook. What we must determine is whether the language of the employee handbook relative to discipline is sufficiently clear so that Denis would reasonably believe that a contractual offer had been made and whether, after Denis received the handbook, he reasonably believed it to be an offer.

Judge Palmer made a determination that the language of Campbell's employee handbook was ambiguous. We agree. There is no way

to ascertain if Campbell intended its disciplinary course to strictly follow the three possibilities set forth in the handbook. Judge Palmer then makes a jump in his analysis where he determined that if one possible interpretation favored Denis, then the language was sufficiently "clear" to convey the offer to him. *Duldulao v. Saint Mary of Nazareth Hospital Center* does not stand for this proposition. In essence, Judge Palmer was apparently relying upon the contractual tenet that ambiguous language is construed against the drafter of that language. However, contractual interpretation rules cannot be utilized in establishing the very existence of a contract. *Chesnick v. Saint Mary of Nazareth Hospital*, 211 Ill. App. 3d 593, 598, 570 N.E.2d 545, 548 (1991), citing *Anders v. Mobil Chemical Co.*, 201 Ill. App. 3d 1088, 1097, 559 N.E.2d 1119, 1124 (1990).

The language at issue is ambiguous and subject to several interpretations. Thus, we cannot find that the language was sufficiently "clear" to convey the offer to Denis. Therefore, we find that the employee handbook at issue was not a contract between Campbell and Denis.

Because our determination of this issue renders the remaining trial issues moot, we do not address them.

For the foregoing reasons, the judgment of the circuit court of Williamson County in favor of Campbell is hereby affirmed.

Affirmed.

CHAPMAN, P.J., and WELCH, J., concur.