Rule 23 Order filed
 NO. 5-99-0494

April 27, 2001;

Motion to publish granted
 IN THE

June 7, 2001.

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

DEBORAH L. JONES, Individually and as )  Appeal from the

Special Administrator of the Estate of )  Circuit Court of

Thomas R. Jones, Deceased, )  Madison County.

)

     Plaintiff, )

)

v. )  No. 96-L-560

)

O'BRIEN TIRE AND BATTERY SERVICE )

CENTER, INC., )

)

     Defendant and Third-Party Plaintiff- )

     Appellant, )

)

v. )

)

DAVE MACIOS, d/b/a Sugarloaf Landscape )

Nursery, and COUNTRY MUTUAL ) 

INSURANCE COMPANY, )  Honorable

)  Randall A. Bono,

     Third-Party Defendants-Appellees. )  Judge, presiding.

________________________________________________________________________

JUSTICE RARICK delivered the opinion of the court:

The third-party plaintiff, O'Brien Tire and Battery Service Center, Inc. (O'Brien), filed an action in the circuit court of Madison County against the third-party defendants, Dave Macios, doing business as Sugarloaf Landscape Nursery, and Country Mutual Insurance Company (Country Mutual), seeking damages for negligent spoliation of evidence.  The trial court granted Macios' motion to dismiss and granted Country Mutual's motion for judgment on the pleadings.  We reverse and remand the cause for further proceedings.

According to O'Brien's complaint, on September 27, 1994, Thomas Jones was killed when the left outer rear wheel of a truck owned by Macios separated from the vehicle and struck Jones's car.  That same day, Tim Finley, a forensic engineer retained by Country Mutual, inspected the Macios vehicle and issued a report noting that the tire had been previously replaced by O'Brien.  The report concluded that the left rear wheels were loose because the installer failed to properly tighten the lug nuts.  In a letter dated October 12, 1994, Country Mutual advised Macios to preserve the wheel assembly for evidentiary purposes.

On February 28, 1995, Deborah Jones filed suit against Macios and Country Mutual. The case was settled on October 27, 1995.  On August 30, 1996, Jones filed a complaint against O'Brien.  During discovery, it was revealed that the wheel assembly had been taken to Patterson Tire Service by Macios and subsequently discarded.  In its answer to the Jones complaint, O'Brien advanced as an affirmative defense the argument that Macios had discarded the wheel assembly before it could be examined by O'Brien and that Macios should have reasonably foreseen that the wheel assembly was material to a potential civil action arising from the incident.

O'Brien subsequently filed a two-count third-party complaint against Macios and Country Mutual, alleging negligent spoliation of evidence.  Count I was directed at Macios, and count II was directed at Country Mutual.  Count I of the complaint alleged that the wheel assembly was discarded or disposed of by Macios before it was examined by or on behalf of O'Brien, that Macios knew or should have known that the wheel assembly was material to a potential civil action arising from the accident, that Macios had a duty to retain this evidence, and that because of Macios' action, O'Brien was prejudiced in its efforts to defend itself because such evidence was unavailable for forensic analysis.  On September 10, 1998, the trial court granted Jones's motion to sever the third-party complaint.  On October 29, 1998, the trial court dismissed Jones's action against O'Brien pursuant to the settlement and stipulation of the parties.

On December 23, 1998, Macios filed a two-count motion to dismiss O'Brien's third-party complaint.  Count I was brought pursuant to sections 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 1996)) and argued that O'Brien failed to allege a duty on the part of Macios to preserve the wheel assembly.  Count II was brought pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 1996)) and argued that O'Brien's claim for spoliation of evidence was waived by virtue of the settlement of the Jones action.  On April 29, 1998, the trial court granted the motion and dismissed O'Brien's action, finding that there was no duty owed by Macios to preserve the wheel assembly and that O'Brien had not sufficiently alleged the existence of any duty.  The trial court did not address Macios' waiver argument.  Country Mutual subsequently filed a motion pursuant to section 2-615 of the Code, seeking judgment on the pleadings.  Country Mutual argued that the allegations contained in count II of O'Brien's complaint were substantially the same as those directed against Macios and that the trial court's ruling on Macios' motion to dismiss should be given the same force and effect as to Country Mutual.  The trial court agreed and granted the motion.

On appeal, O'Brien argues that the trial court erred in ruling that Macios and Country Mutual had no duty to preserve the wheel assembly, because our supreme court held in 
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 652 N.E.2d 267 (1995), that a claim for spoliation of evidence could be stated under existing negligence law.

When ruling on a motion to dismiss pursuant to section 2-615, the trial court must accept all well-pleaded facts as true and interpret all pleadings and supporting documents in a light most favorable to the nonmoving party.  
Jackson v. Michael Reese Hospital & Medical Center
, 294 Ill. App. 3d 1, 689 N.E.2d 205 (1997).  The motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action on appeal.  
Beck v. Budget Rent-A-Car
, 283 Ill. App. 3d 541, 669 N.E.2d 1335 (1996).  The trial court's ruling is subject to 
de novo
 review.  
Joseph v. Chicago Transit Authority
, 306 Ill. App. 3d 927, 715 N.E.2d 733 (1999).  With these standards in mind, we turn to the merits of O'Brien's arguments.

In 
Boyd
, Tommie Boyd was injured when a propane heater he was using during the course of his employment exploded.  Boyd filed a workers' compensation claim against his employer, Superior Foods, and Travelers Insurance Company (Travelers), Superior Foods' workers' compensation insurance carrier.  Travelers took possession of the heater in order to investigate Boyd's workers' compensation claim.  When Boyd subsequently requested that the heater be returned to him, Travelers was unable to locate it.  Boyd and his wife brought suit against Travelers and alleged negligent and intentional spoliation of evidence.  Specifically, the Boyds alleged that Travelers' loss of the heater irrevocably prejudiced and adversely affected their product liability action against the heater's manufacturer.  The trial court granted Travelers' motion to dismiss, finding that until the Boyds lost their products liability action against the manufacturer, they could not allege any actual injury and thus they could not state a cause of action.  
Boyd
, 166 Ill. 2d at 192, 652 N.E.2d at 269.

On appeal, our supreme court held that while spoliation of evidence was not recognized as an independent tort, an action for negligence based upon spoliation of evidence could be stated under existing negligence law.  After noting that there is no general duty to preserve evidence, our supreme court stated that such a duty could arise through an agreement, a contract, a statute, or another special circumstance.  Moreover, the court noted,  a defendant may voluntarily assume a duty by affirmative conduct.  The court held that in any of these instances, a defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action.  Our supreme court held that taking possession of the heater while knowing that it was evidence relevant to future litigation was sufficient to create a duty on the part of Travelers to preserve the heater.  
Boyd
, 166 Ill. 2d at 195, 652 N.E.2d at 271.  

With respect to the elements of causation and damages, our supreme court rejected Travelers' position that the Boyds first had to lose their suit against the heater's manufacturer before they could properly allege these elements.  The court held that all that was required was that the plaintiffs allege sufficient facts to support a claim that the loss or destruction of evidence caused the plaintiffs to be unable to prove an underlying lawsuit.  Our supreme court concluded that the Boyds' complaint was sufficient to state a cause of action for negligence based upon spoliation of evidence, and it remanded the cause for a trial.  
Boyd
, 166 Ill. 2d at 198, 652 N.E.2d at 272.

In the present case, O'Brien maintains that a special circumstance exists sufficient to impose upon both Macios and Country Mutual a duty to preserve the wheel assembly.  With respect to Macios, O'Brien contends that he owned the truck and was in possession of the wheel assembly after the accident.  O'Brien argues that a reasonable person in Macios' position would have recognized that the wheel assembly was material to a potential civil action arising from the incident.  We agree.

In its third-party complaint, O'Brien alleged that Macios was in possession of the wheel assembly and that he knew or should have known that the wheel assembly was material to a potential civil action arising from the incident.  Under 
Boyd
, this is sufficient to allege a duty to preserve the wheel assembly.

Macios argues that there is no duty to preserve evidence where there is no "special relationship" between the plaintiff and defendant, created by contract, statute, or other circumstance.  Macios contends that in 
Boyd
, any third-party litigation against the manufacturer of the heater would have given rise to a lien in favor of Travelers on the proceeds of such third-party case.  Thus, Travelers should have been aware of the possibility of third-party litigation, and such awareness supported the existence of special circumstances giving rise to a duty to preserve evidence.

Macios' argument that Travelers' statutory right to a lien would have made it aware of the possibility of third-party litigation is correct, but not relevant.  In its analysis, our supreme court did not discuss the basis for Travelers' knowledge that the heater would be material to any potential civil litigation, nor did it base its holding thereon.  More importantly, the Boyds' complaint did not allege that Travelers' right to a lien gave rise to its knowledge that the heater would be material to any potential civil litigation.  A plaintiff in a negligence case based upon spoliation of evidence need only allege that a reasonable person in the defendant's position should have foreseen that the evidence in question was material to a potential civil action.  There is no requirement that the plaintiff allege the existence of any "special relationship" which would give rise to that knowledge.  Ultimately, the plaintiff must prove that the defendant should have foreseen that the evidence in question was material to a potential civil action and that the existence of a "special relationship" between the plaintiff and the defendant would help establish that foreseeability, but the existence of a "special relationship" is not necessary to give rise to a duty to preserve evidence.  Macios is attempting to read into 
Boyd
 a requirement that is not there.

Macios also argues that there is no duty to preserve evidence where there is no pending litigation between the parties or any order of protection in place with respect to the evidence at issue.  Macios contends that Jones's suit against O'Brien was brought nearly 10 months after her case against Macios was settled.  He maintains that there was no requirement in the settlement agreement that the wheel assembly be turned over to Jones or otherwise be preserved so that Jones could use it in a suit against O'Brien.

Again, Macios is attempting to read into 
Boyd
 a requirement that is not there.  Although there was a pending product liability action in 
Boyd
, the existence of such pending litigation was not a factor in the court's determination that the Boyds had sufficiently alleged the existence of a duty to preserve evidence.  In fact, the product liability claim against the manufacturer was filed in the same complaint as the negligent-spoliation-of-evidence counts.  Thus, there was no pending litigation at the time the heater was destroyed or lost.  All that was required in 
Boyd
 to give rise to a duty to preserve evidence was that Travelers had possession of the heater and that it knew or should have known that the heater was evidence relevant to future litigation.  As with a "special relationship," the existence of pending litigation would certainly help prove that a defendant should have foreseen that the evidence in question was material, but again, it is not required to establish the existence of the duty to preserve evidence.  Moreover, to hold that a duty to preserve evidence does not arise until an action was filed would encourage the destruction of evidence.  We find that the allegations contained in count I of O'Brien's third-party complaint were sufficient to allege a duty on the part of Macios to preserve the wheel assembly.

The other elements of a negligence action are breach of duty, causation, and damages.  In its third-party complaint, O'Brien specifically alleges that by discarding the wheel assembly, Macios breached his duty to preserve evidence.

With respect to causation,
 our supreme court held in 
Boyd
 that to plead causation, a plaintiff in a negligence action based upon spoliation of evidence must allege sufficient facts to support a claim that the loss or destruction of the evidence in question caused the plaintiff to be unable to prove an underlying lawsuit.  The Boyds' complaint alleged that Travelers lost the heater and failed to test it to determine the cause of the explosion, thereby depriving them of a key piece of evidence against the manufacturer.  The Boyds further alleged that as a result, no expert could testify without doubt whether the heater was defective or dangerously designed.  Our supreme court held that these allegations were sufficient to support the theory that Travelers' loss of the heater caused the plaintiffs to be unable to prove their suit against the manufacturer.  
Boyd
, 166 Ill. 2d at 197, 652 N.E.2d at 271.

In the present case, O'Brien alleges that because of Macios' breach of his duty to preserve the wheel assembly, O'Brien has been prejudiced in its efforts to defend itself in the Jones action because the wheel assembly is unavailable for forensic analysis in an attempt to assess the physical evidence against the allegations of the complaint.  O'Brien further alleges that because of the loss or destruction of the wheel assembly, it is precluded from developing any forensic testimony based upon an inspection of the wheel assembly to successfully defend itself from Jones's charges and it is unable to establish whether other defenses to Jones's action exist.  We find these allegations sufficient to allege the element of causation.

The final element of a negligence action is actual damages.  In 
Boyd
, our supreme court held that a plaintiff is required to allege that the defendant's loss or destruction of evidence caused the plaintiff to be unable to prove an otherwise valid, underlying cause of action.  In 
Boyd
, the plaintiffs' complaint alleged that Boyd sustained serious personal injuries when the heater exploded, and it also alleged the other elements of a product liability action and a nexus between Travelers' loss of the heater and the plaintiffs' inability to prove the underlying action.  Our supreme court found this sufficient to allege actual damages.  
Boyd
, 166 Ill. 2d at 198, 652 N.E.2d at 272.

In the present case, O'Brien alleges that it is the defendant in a wrongful death suit wherein the death is attributed to O'Brien's negligence in mounting a wheel to Macios' truck, that Macios discarded or destroyed the wheel assembly, and that as a result, O'Brien's ability to defend itself has been impaired.  Following 
Boyd
, we find that O'Brien has sufficiently alleged actual damages resulting from Macios' breach of his duty to preserve evidence.

Macios also argues that O'Brien waived its spoliation-of-evidence claim by virtue of its settlement with Jones.  Although the trial court did not rule on this aspect of his motion to dismiss, Macios contends that this court may nevertheless affirm on this basis.

We previously addressed this issue in 
Stinnes Corp. v. Kerr-McGee Coal Corp.
, 309 Ill. App. 3d  707, 722 N.E.2d. 1167  (1999), a case very essentially identical to the one at bar.  In
 
that case a third-party complaint was filed by Stinnes Corporation (Stinnes) against Kerr-McGee Coal Corporation (Kerr-McGee) alleging negligent spoliation of evidence.  An underlying products liability action was brought by Robert Wilkas and James Benge against Stinnes's subsidiary, SRE Carlsbad, Inc., for personal injuries arising out of a coal mining vehicle accident that occurred in a coal mine owned by Wilkas's and Benge's employer, Kerr-McGee.  Stinnes reached a settlement with Wilkas and Benge, and the suit was dismissed.  Kerr-McGee filed a motion to dismiss, arguing that it did not owe a duty to Stinnes to preserve evidence.  The trial court granted the motion to dismiss and we reversed.  Relying on 
Boyd
, this court held that the allegations of Stinnes's complaint sufficiently stated a cause of action for negligence based upon spoliation of evidence.  As in the present case, Kerr-McGee argued that Stinnes's settlement with Wilkas and Benge resulted in a waiver of its spoliation-of-evidence claim.  We rejected this argument, finding that Stinnes's liability to Wilkas and Benge and Kerr-McGee's potential liability for negligent spoliation of evidence arose from two different injuries.  We likewise reject Macios' similar argument in the present case.

Count II of O'Brien's third-party complaint was directed against Country Mutual and also alleged negligence based upon spoliation of evidence.  The allegations with respect to the existence of a duty to preserve evidence are essentially the same as those directed at Macios: that Country Mutual discarded the wheel assembly, that Country Mutual should have known that the wheel assembly was material to a potential civil action arising from the incident, and that Country Mutual had a duty to either retain the evidence or instruct its insured, Macios, to do so.  The allegations with respect to breach, causation, and damages are identical to those contained in count I: that as a result of the loss of the wheel assembly, O'Brien's ability to defend itself against the Jones suit has been impaired.  Following the same reasoning above, we conclude that the trial court erred in entering judgment on the pleadings in favor of Country Mutual.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed; cause remanded.

CHAPMAN, P.J., and MAAG, J., concur.