JAMES E. DARDEEN, Plaintiff-Appellant, v. ALICE KUEHLING *et al.*, Defendants (State Farm Fire and Casualty Company, Defendant-Appellee).

Fifth District   No. 5—02—0566

Opinion filed November 21, 2003.—Rehearing denied January 13, 2004.

KUEHN, J., dissenting.

Kelly R. Phelps, of Lambert, Beggs & Phelps, of Harrisburg, for appellant.

Russell K. Scott and David W. Ybarra, both of Greensfelder, Hemker & Gale, of Belleville, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

The plaintiff, James E. Dardeen, appeals from an order of the circuit court of Wabash County entering a summary judgment in favor of the defendant, State Farm Fire and Casualty Company (State Farm), on the plaintiff's claim for negligent spoliation of evidence. We reverse and remand for further proceedings.

## FACTS

According to the plaintiff's complaint, on September 1, 1999, he sustained personal injuries while delivering newspapers with his daughter when he fell in a hole on a brick sidewalk. The sidewalk was located in Mt. Carmel on the property of Alice Kuehling. The plaintiff landed on his right elbow. The plaintiff and his daughter described the hole in which he fell as approximately 12 inches wide and 4 to 6 inches deep, "the size of a dinner plate." Because it was not yet light at the time the plaintiff fell, the plaintiff bent down close to the hole to get a

better look. The plaintiff also returned to the accident site that evening with his neighbor, Harry. The plaintiff said the brick sidewalk looked the same as it did earlier in the day when he fell.

The plaintiff's daughter called Alice Kuehling the day of the accident, notified her of the accident, and requested the name of her insurance company. Kuehling's property was insured by State Farm. The plaintiff also told Kuehling about his fall when he returned later in the evening with his neighbor. Kuehling's daughter and son-in-law were present at the evening meeting and saw the condition of the area in which the plaintiff fell.

On the day of the accident, Kuehling reported the plaintiff's fall to her State Farm insurance agent, Ronald Couch. Kuehling told Couch that the bricks were "cocked up" in the area where the plaintiff had fallen and she asked Couch if she could remove those bricks so that no one else would get hurt. Kuehling said some of the bricks were raised more than others, causing the sidewalk to be uneven. According to Kuehling, Couch told her she could remove the bricks. Kuehling does not remember exactly when she began removing the bricks, but she said it was less than a week after the plaintiff fell. Kuehling removed somewhere between 25 and 50 bricks. Prior to removing the bricks, Kuehling did not photograph or videotape the area of the brick sidewalk where the fall occurred. Likewise, the plaintiff did not photograph the accident site, although the plaintiff's wife did photograph his injuries in contemplation of litigation.

The plaintiff returned to Kuehling's property about a month after he fell. He was accompanied by David Satz, Kuehling's neighbor. The plaintiff noticed that bricks had been moved from the area in which he fell. Four photographs of the area in question were taken by an unknown photographer on September 7, 1999. These photographs are in the record. The photographs show that the bricks had already been removed six days after the plaintiff fell. These photographs have a number written across them that appears to be an insurance claim number.

On August 1, 2000, the plaintiff filed a complaint against Kuehling and the City of Mt. Carmel for personal injuries he received as a result of the fall. The count against Mt. Carmel was later voluntarily dismissed by the plaintiff. The plaintiff alleged that his injury was caused by Kuehling's failure to repair the hole in the brick sidewalk and/or failure to warn others that the hole existed. Kuehling has defended the lawsuit by denying that a hole existed.

On May 25, 2001, the plaintiff filed a motion for leave to file a second amended complaint, which was granted by the court, to add counts against both Kuehling and State Farm for negligent spoliation

of evidence. The plaintiff alleged that Kuehling's brick sidewalk was material evidence in the personal injury suit and that State Farm had a duty to preserve the sidewalk when it became aware of the plaintiff's claim via its agent, Ronald Couch. The plaintiff further alleged that State Farm breached its duty when Couch, "acting within the course and scope of the agency," authorized Kuehling to remove the bricks without first taking pictures or videotaping the area where he fell. He alleged that the removal of the bricks changed the appearance of the accident site and destroyed material evidence in his personal injury case against Kuehling.

On January 24, 2002, State Farm filed a motion for a summary judgment on count IV of the plaintiff's second amended complaint. Count IV alleged negligent spoliation of evidence by State Farm. On April 30, 2002, the trial court granted State Farm's motion for a summary judgment. The plaintiff now appeals. Kuehling takes no part in this appeal, and therefore, the counts against Kuehling remain.

## ANALYSIS

■ The standard of review on a trial court's granting of a summary judgment is *de novo. Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 390, 620 N.E.2d 1073, 1077 (1993). Although the use of a summary judgment aids the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation. *Purtill v. Hess*, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986). Therefore, the reviewing court must examine the affidavits, pleadings, admissions, and depositions on file and construe the evidence strictly against the moving party. *In re Estate of Hoover*, 155 Ill. 2d 402, 410-11, 615 N.E.2d 736, 739-40 (1993). A summary judgment is only appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Crum & Forster Managers Corp.*, 156 Ill. 2d at 390-91, 620 N.E.2d at 1077. With this in mind, we examine the parties' arguments on appeal.

The plaintiff argues there is evidence that State Farm should have foreseen that Kuehling's brick sidewalk was material to a potential civil action and that the destruction of the sidewalk could mean that the plaintiff would be unable to prove his personal injury lawsuit. The plaintiff insists that the summary judgment should be reversed and the cause remanded for a jury trial on all the issues. State Farm replies that it did not owe a duty to the plaintiff to preserve the evidence and that even assuming *arguendo* that State Farm owed the plaintiff such a duty, the plaintiff cannot prove an injury proximately caused by the breach.

■ The Illinois Supreme Court set forth the elements necessary

for a spoliation of evidence claim in *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 652 N.E.2d 267 (1995). *Boyd* declined to recognize an independent tort for negligent spoliation of evidence but held that an action for negligent spoliation of evidence can be pleaded under ordinary negligence theories. *Boyd*, 166 Ill. 2d at 192-93, 652 N.E.2d at 269-70. Accordingly, in a spoliation of evidence case, the plaintiff must plead the existence of a duty, a breach of that duty, an injury proximately caused by the breach, and damages. *Boyd*, 166 Ill. 2d at 194-95, 652 N.E.2d at 270.

In general, there is no duty to preserve evidence; however, a duty may arise through an agreement, a contract, or other special circumstances such as the assumption of a duty by affirmative conduct. *Boyd*, 166 Ill. 2d at 195, 652 N.E.2d at 270-71. If one of these circumstances exists, then a defendant "owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Boyd*, 166 Ill. 2d at 195, 652 N.E.2d at 271. In addition, a plaintiff must also allege facts sufficient to support a claim that the loss or destruction of the evidence means that the plaintiff is unable to prove the underlying lawsuit. *Boyd*, 166 Ill. 2d at 196, 652 N.E.2d at 271.

In *Boyd*, the plaintiff was injured while working for his employer when a propane heater he was using to help him keep warm exploded. The heater was the plaintiff's personal property. The plaintiff filed a workers' compensation claim against his employer and its workers' compensation insurance company. The insurance company took possession of the heater in order to investigate the plaintiff's workers' compensation claim. When the plaintiff requested that the heater be returned, the insurance company was unable to locate it. The plaintiff, along with his wife, brought suit against the insurance company, alleging negligent and intentional spoliation of evidence. *Boyd* held that the insurance company assumed a duty to preserve evidence when it took possession of the heater knowing it was relevant to future litigation. *Boyd*, 166 Ill. 2d at 195, 652 N.E.2d at 271.

In addition to *Boyd*, the Illinois Supreme Court has specifically held that a potential litigant owes a duty "to take reasonable measures to preserve the integrity of relevant and material evidence." *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 121, 692 N.E.2d 286, 290 (1998). The *Shimanovsky* court pointed out that if a court is "unable to sanction a party for the presuit destruction of evidence, a potential litigant could circumvent discovery rules or escape liability simply by destroying the proof prior to the filing of a complaint." 181 Ill. 2d at 121, 692 N.E.2d at 290. The *Shimanovsky* court relied on *Graves v. Daley*, 172 Ill. App. 3d 35, 526 N.E.2d 679 (1988).

In *Graves*, the plaintiffs' home was destroyed by a fire that, in the opinion of an investigator, was caused by a defect in the plaintiffs' furnace. *Graves*, 172 Ill. App. 3d at 36, 526 N.E.2d at 680. On the advice of their insurance company, the plaintiffs disposed of all the debris in their home before they filed a strict liability action against the furnace manufacturer. *Graves*, 172 Ill. App. 3d at 36, 526 N.E.2d at 680-81. The trial court granted the furnace manufacturer's motion for sanctions and barred all evidence regarding the condition of the furnace. The appellate court affirmed the sanction, reasoning that the plaintiffs knew or should have known the evidentiary importance of the allegedly defective furnace and were "not free to destroy crucial evidence simply because a court order was not issued to preserve the evidence." *Graves*, 172 Ill. App. 3d at 38, 526 N.E.2d at 681.

■ In the instant case, circumstances exist sufficient to impose a duty on State Farm to preserve evidence. State Farm had a contractual relationship with its insured, Alice Kuehling. Kuehling called State Farm the same day the plaintiff fell on the sidewalk and asked whether or not she could remove some bricks so no one else would get hurt. Ronald Couch, a State Farm agent, replied that it would be okay for the plaintiff to remove the bricks. Couch did not recommend that Kuehling take pictures or videotape the sidewalk, nor did he offer to send an investigator to do so prior to the removal of the bricks.

Couch, as an agent for State Farm, was well aware that the sidewalk was material to any potential civil litigation resulting from the plaintiff's fall. Kuehling relied on her agent's advice before removing bricks. Couch was not free to allow Kuehling to destroy the sidewalk. A crucial piece of evidence is now missing. As a result of State Farm's actions, neither its insured, Alice Kuehling, nor the plaintiff will be able to use this evidence in the ongoing litigation, and their positions have, thereby, been impaired.

State Farm argues that it had no duty to preserve evidence because it never possessed or retained control over the evidence in question and never prevented the plaintiff or anyone else from inspecting the sidewalk in question. State Farm insists that the plaintiff is improperly attempting to broaden the scope of a spoliation of evidence claim by imposing liability on a party who never had possession or control over the evidence in question. In support of its contention, State Farm cites *Jones v. O'Brien Tire & Battery Service Center, Inc.*, 322 Ill. App. 3d 418, 752 N.E.2d 8 (2001).

In *Jones*, a tire separated from a landscaper's truck and killed the plaintiff's decedent. The plaintiff settled a claim with the landscaper and then sued the service center alleged to have negligently attached the tire. *Jones*, 322 Ill. App. 3d at 419, 752 N.E.2d at 10. The service

center filed a third-party complaint against the landscaper, alleging that he had negligently disposed of the tire assembly, thereby impairing the tire center's ability to defend itself. *Jones*, 322 Ill. App. 3d at 420, 752 N.E.2d at 10. While the landscaper's insurer requested that he preserve the tire assembly, there was no allegation that the service center made such a request. *Jones*, 322 Ill. App. 3d at 419, 752 N.E.2d at 10. A panel of this court held that the foreseeability of the need for the tire assembly as evidence, coupled with ownership and possession after the accident, was a sufficient special circumstance to establish the landscaper's duty to preserve the tire assembly for any potential party's benefit. *Jones*, 322 Ill. App. 3d at 423, 752 N.E.2d at 13.

Although possession of the evidence played a paramount role in the *Jones* court's finding of a duty to preserve evidence, *Jones* does not absolutely require that the defendant have possession of the evidence before a duty to preserve evidence will be imposed. Here, State Farm did not have possession of the sidewalk but, instead, exercised control or had the opportunity to exercise control. It was reasonably foreseeable that the condition of the sidewalk at the time of the accident was a crucial issue. Without a doubt, this evidence should have been preserved. Interestingly, four pictures were taken six days after the accident and bear what appears to be a claim number. Apparently, State Farm knew the importance of the evidence.

State Farm also contends that because the plaintiff contemplated legal action as early as two days after the accident, took pictures of his injuries, and made at least two trips back to the accident site before the bricks were removed, State Farm owed no duty to the plaintiff to preserve evidence. However, we agree with the plaintiff that whether or not the plaintiff had access to the sidewalk and/or contemplated legal action early on has no bearing on the issue of State Farm's duty. A defendant owes a duty of due care to preserve evidence "if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Boyd*, 166 Ill. 2d at 195, 652 N.E.2d at 271. State Farm should have foreseen that the condition of the sidewalk at the time the plaintiff fell would be material and taken steps to preserve the evidence.

State Farm also contends that it did not authorize its insured, Alice Kuehling, to remove the bricks. We again point out that this matter comes before us as an appeal of a summary judgment in favor of State Farm. In order for a court to appropriately grant a summary judgment, there must be no genuine issue of material fact and the movant must be entitled to a judgment as a matter of law. It is basic law that the motion is to be strictly construed against the movant. *Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871. With this in mind and

given State Farm's contention, we conclude that the trial court erred in determining there was no genuine issue of material fact. It is undisputed that Alice Kuehling called her State Farm agent the day of the accident and asked him if she could remove the bricks. According to Kuehling, the agent told her she could remove the bricks. On the other hand, State Farm claims it did not authorize Kuehling to remove the bricks. Accordingly, a material issue of fact remains that precludes the entry of a summary judgment in favor of State Farm.

State Farm also asserts that it was simply complying with public policy if it encouraged Kuehling to destroy the brick sidewalk. We agree that in Illinois, public policy encourages improvements to enhance public safety (*Herzog v. Lexington Township*, 167 Ill. 2d 288, 300, 657 N.E.2d 926, 932 (1995)); however, in *Boyd*, the Illinois Supreme Court also declared that it is against public policy to destroy evidence. It is clear that both these policies could have been advanced had State Farm simply directed Kuehling to photograph or videotape the sidewalk prior to removing between 25 and 50 bricks. Moreover, as the plaintiff points out, the four pictures taken after the bricks were removed do not necessarily show an improvement in the condition of the sidewalk. It still appears uneven after the removal of the bricks.

Finally, we find that the plaintiff alleged sufficient facts to show that the destruction of the brick sidewalk could cause him to be unable to prove his personal injury lawsuit against Alice Kuehling. *Boyd* specifically states that in order to proceed on a negligent spoliation of evidence claim, a plaintiff need not first lose the underlying personal injury action. Instead, it is enough that the plaintiff allege sufficient facts to support a claim that the destruction of the evidence caused the plaintiff to be unable to prove the underlying suit. *Boyd*, 166 Ill. 2d at 196, 652 N.E.2d at 271.

Here, the plaintiff's complaint alleges that the hole in the brick sidewalk was a key piece of evidence in his personal injury lawsuit against Kuehling and that the failure to photograph or videotape the area where the plaintiff fell before removing the bricks "has caused the plaintiff to suffer an inability to prove his personal injury lawsuit against Alice Kuehling." Kuehling denies that there was a hole in the sidewalk. We find that the plaintiff's allegations are sufficient to support the theory that the destruction of the brick sidewalk caused the plaintiff to be unable to prove his lawsuit against Kuehling.

In granting a summary judgment in favor of State Farm, the trial court stated that because there were "at least eight persons who viewed the sidewalk and can testify about its condition," there is ample evidence for the trier of fact to make a determination. What the trial court failed to consider, however, was that the key piece of

evidence has been destroyed. Even though several witnesses may be able to testify about the condition of the sidewalk, their descriptions of the scene differ. A photograph or videotape of the condition of the sidewalk at the time of the accident would be conclusive. Morever, we point out that the plaintiff is not the only person whose ability to prove his personal injury lawsuit has been impaired. State Farm's insured's ability to defend has likewise been impaired.

The plaintiff's complaint alleges, "[T]he removal of the bricks and/or Alice Kuehling's failure to photograph or videotape the area where plaintiff had fallen before removing the bricks has caused plaintiff to suffer an inability to prove his personal injury lawsuit against Alice Kuehling." This allegation is consistent with *Boyd's* requirement that a plaintiff must demonstrate that, but for the loss or destruction of the evidence, the plaintiff had a reasonable probability of succeeding in the underlying suit. *Boyd*, 166 Ill. 2d at 196 n.2, 652 N.E.2d at 271 n.2. Thus, we find that the trial court erred in granting a summary judgment in favor of State Farm.

For the reasons stated above, we reverse the trial court's entry of a summary judgment in favor of State Farm, and we remand this cause to the trial court for further proceedings consistent with our opinion.

Reversed; cause remanded.

CHAPMAN, J., concurs.

JUSTICE KUEHN, dissenting:
Future applications of the rule stated in the majority opinion will result in much additional litigation, confusion, and problematic application.

Initially, I disagree with the majority opinion on the matter of State Farm Fire and Casualty Company's legal duty relative to the preservation of a sidewalk over which it had no ability to exercise possession. Ordinary tort principles apply, and thus, in order to hold State Farm Fire and Casualty Company (State Farm) responsible for the preservation of its insured's sidewalk at this procedural state, there must be some issue of material fact relative to the duty State Farm allegedly owes the injured claimant. While the preservation of evidence likely to be utilized in a later litigious situation can be required in order to avoid liability for spoliation of evidence, the legal precedent on this issue is very different from the case at bar. The cases cited in the majority opinion, and others, require the preservation of an item of evidence when the purported spoliator defendant

maintained possession of the item. See, *e.g., Boyd v. Travelers Insurance Co.,* 166 Ill. 2d 188, 652 N.E.2d 267 (1995) (involving the destruction/loss of a water heater required for testing, which was therefore critical to the proof of liability in a products liability case); *Jones v. O'Brien Tire & Battery Service Center, Inc.,* 322 Ill. App. 3d 418, 752 N.E.2d 8 (2001) (involving a wheel assembly required for forensic testing/testimony in this wrongful-death case). The rationale behind this theory, although perhaps not stated in the legal opinions, is that the item itself is critical to the proof of the case. Photographic, other demonstrative, or testimonial evidence about the lost item in question simply would not suffice. These types of items are critical to the proof of a case because they are needed for testing to actually prove up a defect or other pieces of the liability puzzle. A sidewalk—hole intact—is not such an item of evidence. There are many other ways to establish liability in this case.

Much is made of the factual issue of whether State Farm advised Alice Kuehling that it was okay to dismantle the apparently dangerous sidewalk. In my opinion, that perceived issue is irrelevant. Even if we view the evidence in a light most favorable to James E. Dardeen and assume that State Farm did tell Alice Kuehling that there was no problem in dismantling the sidewalk, that would not change the issue of liability. The sidewalk at issue was owned by either Alice Kuehling or the City of Mt. Carmel. State Farm had no ownership interest in the sidewalk. State Farm had no possessory interest in the sidewalk. Contrary to the majority's opinion, I believe that the possession of the item allegedly spoliated is critical to a finding of negligence. At a minimum, if the alleged spoliator did not physically possess the item, then the spoliator must have had the ability to control the entity who did possess the item. At its essence, spoliation involves an ability to affect the outcome of the spoliated item's existence. Those types of situations simply did not exist in this case.

Generally speaking, there is no duty to preserve evidence. *Boyd,* 166 Ill. 2d at 195, 652 N.E.2d at 270. Exceptions to the rule arise through agreement, contract, statute, voluntary affirmative conduct, or other special circumstances. *Boyd,* 166 Ill. 2d at 195, 652 N.E.2d at 270-71. In this case, there is no statute requiring State Farm to preserve a sidewalk it apparently insures. There is no agreement or contract with James E. Dardeen to preserve the sidewalk in its decrepit state. State Farm did not volunteer to preserve the sidewalk. Furthermore, no special circumstance was alleged to require State Farm's preservation of the sidewalk. I do not find that a factual issue on the matter of duty existed.

Finally, I take issue with the majority's opinion on the matter of

James E. Dardeen's ability to prove up his case. The majority states, "[W]e find that the plaintiff alleged sufficient facts to show that the destruction of the brick sidewalk could cause him to be unable to prove his personal injury lawsuit against Alice Kuehling." 344 Ill. App. 3d at 839. As the trial court pointed out, there were eight witnesses prepared to testify about this hole—including the homeowner, Alice Kuehling. There was evidence that Alice Kuehling felt that the hole was so dangerous that she altered the state of the sidewalk to minimize the hole, thereby protecting future uses of the sidewalk.

The majority's statement that photographic evidence of this hole would have been "conclusive proof" fails to take into account the numerous ways in which a photographer could capture an image of the hole in question. If State Farm had taken a Polaroid photograph of questionable quality, would that have sufficed? Or would State Farm still face a spoliation claim because it "purposefully" took a bad photograph of the scene of the accident? What would happen if State Farm took an aerial photograph of the hole or a ground-level photograph of the hole in an effort to minimize the appearance of the hole? Would those photographs have sufficed to preserve the evidence?

I raise these rhetorical questions because of what I anticipate as a problem with the application of the majority's opinion. Theorizing about other possible premises liability cases reveals the problems inherent in the application of the majority's rule. In order to avoid a later-alleged spoliation claim, will grocery stores and restaurants now be required to install video cameras or otherwise photographically document any spilled ice tea or catsup, or grapes hazardously lying on the store's floor, in the event of a slip and fall? Furthermore, I am left to wonder: how long is an individual or company required to preserve the evidence? Is two years (and longer in the case of a minor or incapacitated adult) sufficient? I do not believe that the Illinois Supreme Court's recognition of negligent spoliation claims was intended to require the preservation of evidence in all cases of injury or contractual damage without regard to the quality of the evidence involved.

In light of the ample evidence relative to the size and depth of the hole in question and the admission on the part of the homeowner, I believe that the preservation of the precise sidewalk hole was not necessary to prove the plaintiff's claim against Alice Kuehling.

Additionally, I do not believe that property owners and their insurers should be required to preserve an apparently dangerous premises condition in its dangerous state following a premises liability event.

For the reasons stated, I respectfully dissent.