821 N.E.2d 227 (2004)
213 Ill.2d 329
290 Ill.Dec. 176
James DARDEEN, Appellee,
v.
Alice KUEHLING et al. (State Farm Insurance Company, Appellant).
No. 97900.
Supreme Court of Illinois.
December 2, 2004.
*228 Russell K. Scott, Joseph B. McDonnell, David W. Ybarra, of Greensfelder, Hemker & Gale, Belleville, for appellant.
Kelly R. Phelps, of Lambert, Beggs & Phelps, Harrisburg, for appellee.
Michael Resis, Glen E. Amundsen, of O'Hagan, Smith & Amundsen, L.L.C., for amicus curiae Illinois Association of Defense Trial Counsel.
Barry G. Doyle, Chicago, for amicus curiae Illinois Trial Lawyers Association.
Justice FITZGERALD delivered the opinion of the court:
State Farm Insurance Company (State Farm) [1] appeals the decision of the appellate court reversing the circuit court of Wabash County's order granting summary judgment against James Dardeen on his negligent spoliation of evidence claim. The central issue in this case is whether a homeowner's insurer has a duty to instruct the homeowner to preserve evidence which may be relevant to a potential personal injury claim by someone injured on the homeowner's property. We conclude that, on the facts in this case, the insurer has no such duty. We reverse the appellate court and affirm the trial court.

BACKGROUND
On the morning of September 1, 1999, while delivering newspapers with his daughter, James Dardeen fell in a hole on the brick sidewalk outside Alice Kuehling's house. Dardeen fractured his right elbow. Because it was not yet light, Dardeen bent down to get a closer look at the hole. Dardeen and his daughter subsequently described the hole as 12 inches wide and 4 to 6 inches deep, "the size of a dinner plate."
Dardeen's daughter telephoned Kuehling later that day to notify her of the accident and request the name of her insurer. Kuehling instructed Dardeen's daughter, "[S]end your father up to my house this evening and I'll talk to him." Kuehling then telephoned her State Farm agent, Ronald Couch. Kuehling told Couch that several bricks were "cocked up" where Dardeen fell, making the sidewalk uneven. She asked Couch, "Would it be all right if I removed those bricks before this happened again?" or "Could I remove those bricks before somebody else gets hurt on it [sic]?" Couch said yes. That evening, Dardeen returned to the site of Kuehling's house with his neighbor to see the hole and spoke to Kuehling, her daughter, and her son-in-law. Though Dardeen's wife photographed his elbow for litigation purposes, no one photographed the hole. A few days later, Kuehling removed between 25 and 50 bricks from the area.
Nearly a year later on August 1, 2000, Dardeen filed a premises liability complaint against Kuehling and the City of Mt. Carmel, alleging that their failure to repair the hole or warn others of its existence proximately caused his elbow injury. Dardeen voluntarily dismissed the claim against the city, but, on May 25, 2001, he *229 filed an amended complaint, adding negligent spoliation of evidence claims against both Kuehling and State Farm. Regarding State Farm, Dardeen alleged that "the hole in the brick sidewalk" was material evidence to his premises liability claim and that State Farm had a duty to preserve that evidence once its agent Couch heard about the accident from Kuehling. Dardeen further alleged that State Farm breached this duty when it authorized Kuehling to remove the raised bricks before taking photographs of the area.
State Farm filed a motion for summary judgment on this count; the trial court granted that motion. Dardeen asked the trial court to add Supreme Court Rule 304(a) language to its order. See 155 Ill.2d R. 304(a). The trial court assented, and Dardeen appealed. His other claims against Kuehling remained pending.[2]
The appellate court reversed. 344 Ill.App.3d 832, 280 Ill.Dec. 15, 801 N.E.2d 960. Initially, the appellate court reviewed the leading spoliation case from this court, Boyd v. Travelers Insurance Co., 166 Ill.2d 188, 209 Ill.Dec. 727, 652 N.E.2d 267 (1995), and noted that there is no general duty to preserve evidence, though one may arise by agreement or other affirmative conduct. 344 Ill.App.3d at 835-36, 280 Ill.Dec. 15, 801 N.E.2d 960. The appellate court also discussed Shimanovsky v. General Motors Corp., 181 Ill.2d 112, 121, 229 Ill.Dec. 513, 692 N.E.2d 286 (1998), where we held that a potential litigant owes a duty to take reasonable measures to preserve relevant, material evidence. 344 Ill.App.3d at 836, 280 Ill.Dec. 15, 801 N.E.2d 960. The appellate court then concluded:
"In the instant case, circumstances exist sufficient to impose a duty on State Farm to preserve evidence. State Farm had a contractual relationship with its insured, Alice Kuehling. Kuehling called State Farm the same day the plaintiff fell on the sidewalk and asked whether or not she could remove some bricks so no one else would get hurt. Ronald Couch, a State Farm agent, replied that it would be okay for the plaintiff to remove the bricks. Couch did not recommend that Kuehling take pictures or videotape the sidewalk, nor did he offer to send an investigator to do so prior to the removal of the bricks.
Couch, as an agent for State Farm, was well aware that the sidewalk was material to any potential civil litigation resulting from the plaintiff's fall. Kuehling relied on her agent's advice before removing the bricks. Couch was not free to allow Kuehling to destroy the sidewalk. A crucial piece of evidence is now missing. As a result of State Farm's actions, neither its insured, Alice Kuehling, nor the plaintiff will be able to use this evidence in the ongoing litigation, and their positions have, thereby, been impaired." 344 Ill.App.3d at 837, 280 Ill.Dec. 15, 801 N.E.2d 960.
The appellate court rejected State Farm's argument that it owed no duty to preserve evidence it did not possess or control. 344 Ill.App.3d at 838, 280 Ill.Dec. 15, 801 N.E.2d 960. Noting that Jones v. O'Brien Tire & Battery Service Center, Inc., 322 Ill.App.3d 418, 256 Ill.Dec. 463, 752 N.E.2d 8 (2001), emphasized the defendant's *230 possession of the disputed evidence in finding a duty to preserve, the appellate court stated that Jones"does not absolutely require" possession of the evidence before a court may impose a duty to preserve it. 344 Ill.App.3d at 838, 280 Ill.Dec. 15, 801 N.E.2d 960. "Here, State Farm did not have possession of the sidewalk but, instead, exercised control or had the opportunity to exercise control." 344 Ill.App.3d at 838, 280 Ill.Dec. 15, 801 N.E.2d 960. Consequently, it had a duty to preserve the sidewalk and its hole. 344 Ill.App.3d at 838, 280 Ill.Dec. 15, 801 N.E.2d 960.
The appellate court also concluded that a material issue of fact existed as to whether State Farm breached its duty: State Farm insisted that it did not authorize Kuehling to remove the bricks; Kuehling stated that Couch told her she could do so. 344 Ill.App.3d at 838-39, 280 Ill.Dec. 15, 801 N.E.2d 960. Regarding causation, the appellate court found another material issue of fact. 344 Ill.App.3d at 839, 280 Ill.Dec. 15, 801 N.E.2d 960. The appellate court turned to Dardeen's complaint, which alleged that the hole in the sidewalk was a key piece of evidence and that the failure to photograph or videotape the hole rendered him unable to prove his premises liability claim: "We find that the plaintiff's allegations are sufficient to support the theory that the destruction of the brick sidewalk caused the plaintiff to be unable to prove his lawsuit against Kuehling." 344 Ill.App.3d at 839, 280 Ill.Dec. 15, 801 N.E.2d 960. Though at least eight people viewed the hole in the sidewalk before Kuehling removed the bricks, their descriptions could differ; a photograph or videotape would have been conclusive. 344 Ill.App.3d at 840, 280 Ill.Dec. 15, 801 N.E.2d 960.
In dissent, Justice Kuehn focused on whether State Farm possessed the sidewalk:
"Much is made of the factual issue of whether State Farm advised Alice Kuehling that it was okay to dismantle the apparently dangerous sidewalk. In my opinion, that perceived issue is irrelevant. Even if we view the evidence in a light most favorable to * * * Dardeen and assume that State Farm did tell * * * Kuehling that there was no problem in dismantling the sidewalk, that would not change the issue of liability. The sidewalk at issue was owned by either Alice Kuehling or the City of Mt. Carmel. State Farm had no ownership interest in the sidewalk. State Farm had no possessory interest in the sidewalk. Contrary to the majority's opinion, I believe that the possession of the item allegedly spoliated is critical to a finding of negligence. At a minimum, if the alleged spoliator did not physically possess the item, then the spoliator must have had the ability to control the entity who did possess the item. At its essence, spoliation involves an ability to affect the outcome of the spoliated item's existence. Those types of situations simply did not exist in this case." 344 Ill.App.3d at 841, 280 Ill.Dec. 15, 801 N.E.2d 960 (Kuehn, J., dissenting).
We granted State Farm's petition for leave to appeal. 177 Ill.2d R. 315(a). We also granted the Illinois Association of Defense Trial Counsel leave to file a brief as amicus curiae in support of State Farm, and the Illinois Trial Lawyers Association (ITLA) leave to file a brief as amicus curiae in support of Dardeen. See 155 Ill.2d R. 345. In this appeal from the appellate court's reversal of the trial court's order granting summary judgment, our standard of review is de novo. See Roth v. Opiela, 211 Ill.2d 536, 542, 286 Ill.Dec. 57, 813 N.E.2d 114 (2004).

ANALYSIS
Summary judgment should be granted if "there is no genuine issue as to *231 any material fact and * * * the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 1998); see Robidoux v. Oliphant, 201 Ill.2d 324, 335, 266 Ill.Dec. 915, 775 N.E.2d 987 (2002). Though summary judgment can aid in the expeditious disposition of a lawsuit, it remains a drastic measure and should be allowed only "when the right of the moving party is clear and free from doubt." Purtill v. Hess, 111 Ill.2d 229, 240, 95 Ill.Dec. 305, 489 N.E.2d 867 (1986). If the plaintiff fails to establish any element of his claim, summary judgment is appropriate. Morris v. Margulis, 197 Ill.2d 28, 35, 257 Ill.Dec. 656, 754 N.E.2d 314 (2001), citing Pyne v. Witmer, 129 Ill.2d 351, 358, 135 Ill.Dec. 557, 543 N.E.2d 1304 (1989).
Boyd remains our watershed pronouncement on spoliation of evidence. In Boyd, we declined to recognize spoliation of evidence as an independent tort and instead held that a spoliation claim can be stated under existing negligence principles. Boyd, 166 Ill.2d at 192-93, 209 Ill.Dec. 727, 652 N.E.2d 267. In order to state a negligence claim, a plaintiff must allege that the defendant owed him a duty, that the defendant breached that duty, and that the defendant's breach proximately caused the plaintiff damages. Boyd, 166 Ill.2d at 194-95, 209 Ill.Dec. 727, 652 N.E.2d 267. We tailored the duty element to spoliation claims:
"The general rule is that there is no duty to preserve evidence; however, a duty to preserve evidence may arise through an agreement, a contract, a statute [citation] or another special circumstance. Moreover, a defendant may voluntarily assume a duty by affirmative conduct. [Citation.] In any of the foregoing instances, a defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." (Emphasis added.) Boyd, 166 Ill.2d at 195, 209 Ill.Dec. 727, 652 N.E.2d 267.
Boyd thus articulated a two-prong test for determining when there is a duty to preserve evidence. See Andersen v. Mack Trucks, Inc., 341 Ill.App.3d 212, 215, 276 Ill.Dec. 203, 793 N.E.2d 962 (2003); see also Jackson v. Michael Reese Hospital & Medical Center, 294 Ill.App.3d 1, 10-11, 228 Ill.Dec. 333, 689 N.E.2d 205 (1997). As a threshold matter, we must first determine whether such a duty arises by agreement, contract, statute, special circumstance, or voluntary undertaking. See Boyd, 166 Ill.2d at 195, 209 Ill.Dec. 727, 652 N.E.2d 267. If so, we must then determine whether that duty extends to the evidence at issue  i.e., whether a reasonable person should have foreseen that the evidence was material to a potential civil action. See Boyd, 166 Ill.2d at 195, 209 Ill.Dec. 727, 652 N.E.2d 267. If the plaintiff does not satisfy both prongs, there is no duty to preserve the evidence at issue. See Andersen, 341 Ill.App.3d at 215, 276 Ill.Dec. 203, 793 N.E.2d 962. Here, we need not address the second, or foreseeability, prong because Dardeen has not satisfied the first, or relationship, prong.
Dardeen makes the novel argument that the insurance contract between Kuehling and State Farm is a contract that satisfies the relationship prong. When we said, in Boyd, that a duty to preserve evidence could arise by an agreement or contract, we meant an agreement or contract between the parties to the spoliation claim. See Andersen, 341 Ill.App.3d at 217, 276 Ill.Dec. 203, 793 N.E.2d 962. Kuehling and State Farm had an insurance contract, to which Dardeen was not a privy. The record does not contain the contract, but *232 Dardeen does not argue that it contained a provision under which State Farm owed Kuehling a duty to preserve evidence from being destroyed by Kuehling herself, much less a provision under which Dardeen would be a third-party beneficiary of such a duty.
Dardeen's primary argument, then, echoes the appellate court's holding that the insurance contract somehow created a special circumstance that satisfies the relationship prong. According to Dardeen, when Kuehling reported the accident to State Farm and asked for permission to make the area safer by removing some raised bricks, "State Farm was invested with the power or authority to guide or manage the actions of its insured. At that precise moment, State Farm was in a position to control the sidewalk before it was lost or destroyed."
ITLA supplements Dardeen's argument. ITLA asks this court to harmonize Boyd, where we held that, generally, there is no duty to preserve evidence, with Shimanovsky, where we held that a potential litigant owes a duty to potential adversaries to take reasonable measures to preserve the integrity of relevant, material evidence. ITLA urges us to clarify that only strangers to the controversy are absolved of the duty to preserve evidence, while "others holding a direct stake in the outcome of the litigation owe a duty * * * to preserve and/or document the existence and condition of relevant and material evidence." According to ITLA, an insurer like State Farm controls litigation involving one of its insureds, and it can protect its own interests by insisting that its insured cooperate. Thus, argues ITLA, a duty to preserve evidence arose when Kuehling called Couch to inform him of the accident and to ask for advice about her sidewalk.
We hinted at what special circumstances might give rise to a duty to preserve evidence in Miller v. Gupta, 174 Ill.2d 120, 220 Ill.Dec. 217, 672 N.E.2d 1229 (1996). In Miller, a medical malpractice plaintiff's attorney requested X rays from the plaintiff's doctor. The doctor complied and obtained the X rays. Before taking the X rays to the hospital to copy them, he placed them on the floor of his office near the wastebasket. The X rays disappeared. A housekeeping employee who cleaned the doctor's office guessed that she disposed of the X rays, which were later incinerated. We remanded to allow the plaintiff to amend her negligent spoliation claim to satisfy Boyd. Miller, 174 Ill.2d at 129, 220 Ill.Dec. 217, 672 N.E.2d 1229.
Unlike the plaintiff in Miller, Dardeen never contacted the defendant to ask it to preserve evidence. Dardeen never requested evidence from State Farm, and he never requested that State Farm preserve the sidewalk or even document its condition. And though he visited the accident site hours after he was injured, he did not photograph the sidewalk. Additionally, unlike the doctor in Miller, State Farm never possessed the evidence at issue and, thus, never segregated it for the plaintiff's benefit.
Dardeen contends that State Farm has failed to cite a single case for the proposition that possession of the evidence is a requisite for a negligent spoliation claim. Dardeen notes that State Farm even concedes that possession is not required because it states in its petition for leave to appeal that "spoliation of evidence presupposes that the spoliator possess the evidence or be in a position to control it before it was lost or destroyed."
The appellate court acknowledged that State Farm did not have possession of the sidewalk, but still insisted that State Farm somehow "exercised control or had the opportunity to exercise control" over it. However, as State Farm aptly notes, and *233 our research indicates, no Illinois court has held that a mere opportunity to exercise control over the evidence at issue is sufficient to meet the relationship prong. See Andersen, 341 Ill.App.3d at 214, 276 Ill.Dec. 203, 793 N.E.2d 962 (plaintiff alleged that the defendant secured and segregated the defective hoist mechanism parts); Jones v. O'Brien Tire & Battery Service Center, Inc., 322 Ill.App.3d 418, 256 Ill.Dec. 463, 752 N.E.2d 8 (2001) (plaintiff alleged that defendant possessed and discarded the defective vehicle parts); Stinnes Corp. v. Kerr-McGee Coal Corp., 309 Ill.App.3d 707, 243 Ill.Dec. 98, 722 N.E.2d 1167 (1999) (plaintiff alleged that defendant gathered, tagged, and segregated the defective vehicle parts); see also Jackson, 294 Ill.App.3d at 18, 228 Ill.Dec. 333, 689 N.E.2d 205 (plaintiff could replead where the record indicated the defendant possessed the requested X rays, segregated them after the original complaint was filed, and continued to treat the plaintiff). We do not intimate that, nor do we decide whether, possession is required in every negligent spoliation case. But, in order to avoid summary judgment, Dardeen needed to show something more than State Farm's agent answering affirmatively to Kuehling's question whether she could remove the raised bricks. In fact, Kuehling's call and her subsequent actions are consistent with long-standing Illinois public policy. See Herzog v. Lexington Township, 167 Ill.2d 288, 300, 212 Ill.Dec. 581, 657 N.E.2d 926 (1995) ("a strong public policy favors encouraging improvements to enhance public safety"); accord Schaffner v. Chicago & North Western Transportation Co., 129 Ill.2d 1, 14, 133 Ill.Dec. 432, 541 N.E.2d 643 (1989). The record here indicates that State Farm had neither possession nor control over Kuehling's sidewalk and, therefore, owed Dardeen no duty to preserve it.
Shimanovsky is inapposite. In that case, we agreed with the appellate court that a potential litigant owes a duty to take reasonable measures to preserve the integrity of relevant, material evidence. Shimanovsky, 181 Ill.2d at 121, 229 Ill.Dec. 513, 692 N.E.2d 286. But we never mentioned Boyd, or spoliation, because the central issue in Shimanovsky was whether the trial court could dismiss the plaintiff's complaint as a discovery sanction for the plaintiff's presuit destruction of evidence. Further, when Kuehling called Couch, she had not yet spoken with Dardeen. We decline to characterize State Farm as a potential litigant at that point.
Because Dardeen failed to show State Farm owed him a duty to preserve Kuehling's sidewalk, summary judgment was appropriate.

CONCLUSION
For the reasons that we have stated, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.
Appellate court judgment reversed; circuit court judgment affirmed.
NOTES
[1] On February 19, 2004, the appellate court granted State Farm's "Motion to Correct Misnomer Under Supreme Court Rule 366." See 155 Ill.2d R. 366. The pleadings in this case had previously, and erroneously, listed State Farm Insurance Company as a defendant. State Farm is actually State Farm Fire and Casualty Company.
[2] At oral argument during State Farm's rebuttal, we learned for the first time that Dardeen had settled his premises liability and spoliation claims against Kuehling while this case was under advisement by the appellate court  obviously, well before State Farm's petition for leave to appeal was filed. Evidently, the only part of this case still pending is this appeal. Neither party has addressed what impact the resolution of that claim might have upon Dardeen's spoliation claim against State Farm, and neither party has argued that this appeal is moot.